Eddie Gilmar HAYSLETT, Appellant,

v.

STATE of Tennessee, Appellee.

Court of Criminal Appeals of Tennessee.

March 30, 1978.

Certiorari Denied by Supreme Court May 22, 1978.

Tom Emerson Smith, Memphis, for appellant.

Brooks McLemore, Jr., Atty. Gen., John F. Southworth, Jr., Asst. Atty. Gen., Nashville, Hugh W. Stanton, Jr., Dist. Atty. Gen., Dan L. Newsom, Asst. Dist. Atty. Gen., Memphis, for appellee.

SAMUEL L. LEWIS, Special Judge.

## OPINION

Appellant, Eddie Hayslett, was convicted of grand larceny and received a sentence of not less than three (3) nor more than six (6) years in the penitentiary. He has duly perfected his appeal and assigns seven (7) errors.

We summarize the evidence:

On December 16, 1975, three (3) men came into the Hill Brothers Store located on Getwell Road in Memphis. Harold Brummett was the only employee on duty. Two of the men went to one side of the store and the third to the other side. Mr. Brummett was assisting the two men when the third man came over, had a conversation with one of the men he had entered the store with and, as a result of the conversation, was given a piece of paper and car keys. He then went back to where he had been and, a few minutes later, Mr. Brummett saw him going out the door with something in his hand. Mr. Brummett started towards the door when the other two men ran by him and out of the store. The first man out went in one direction and the other two in the opposite direction.

Terry Brummett, who was outside the store, heard his father yell to the men to stop. He ran after them and was able to stop one.

Harold Brummett checked the safe in the store, found that he had been robbed, and called the police. When the police arrived, Terry Brummett had one of the men in custody and a description was given of the other two. One of the men had "run out of his shoes". A man fitting the description of the one who had run out of his shoes was apprehended a short time later. He was wearing clothing that fit the description given by Mr. Brummett and, when apprehended, he was shoeless. He was identified in court by Officer J. B. Matthews as appellant.

By assignments one (1) through five (5), appellant attacks the sufficiency of the convicting evidence. He alleges there was no credible evidence of identification or culpable intent on his part.

Officer Matthews positively identified appellant as the person who was arrested and brought back to the shoe store. Other witnesses could not make an in-court identifi-

cation, but they did state positively that the man brought back to the store was the man identified at that time as one of the thieves. He was identified as the same person who asked that his shoes be returned to him.

The evidence clearly shows that the appellant entered the store with the person who actually took the money. It shows there was a conversation between appellant and the man who took the money, that this man was given the car keys by the appellant or appellant's companion, and that after the money was taken the man who took it yelled "let's go", and appellant then ran from the store.

The verdict of the jury approved by the trial judge accredits the witnesses for the state and resolves all conflicts in favor of the theory of the state. On appeal, the burden is on appellant to prove that the evidence preponderates in favor of his innocence and that the verdict is contrary to law. *McBee v. State*, 213 Tenn. 15, 372 S.W.2d 173 (1963). The evidence does not preponderate against the findings of the jury.

He next complains that the trial court erred in allowing into evidence his request that his shoes be returned to him. He "ran out of his shoes" in fleeing from the store. After he was arrested and placed in the patrol car he asked that his shoes be returned.

He makes no argument that it was an involuntary statement, that it was coerced, or that it was made before he was advised of his constitutional rights. His only contention is that the officers did not identify the appellant in court as the man who made the request.

This may be a legitimate jury argument concerning credibility but it is without merit here. In any event, he did not assign the introduction of this oral statement as error in his motion for a new trial. If there be error in the admission of this statement it has been waived. *Brown v. State*, 537 S.W.2d 719 (Tenn.Cr.App.1975).

His seventh, and last, assignment of error must likewise be overruled. Appel-

lant's attorney states that several of the jurors approached him on the street several days after the verdict and advised him they did not want to find defendant guilty but were pressured by another juror, a friend of Harold Brummett's. The jurors would not give an affidavit and stated they did not want to get further involved. In any event, the statements made by the jurors would go only to the internal workings of the jurors' minds or emotions and certainly is not sufficient to impeach the jury's verdict. *Montgomery v. State*, 556 S.W.2d 559 (Tenn.Cr. App.), *cert. denied, id.* (Tenn.1977). In this instance the trial judge polled the jury both before and after taking their verdict and each stated the verdict was theirs.

All assignments are overruled.

RUSSELL, P. J., and FRED GILLIAM, Special Judge, concur.