**Steve D. ANDERSON, Appellant,**

v.

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee, at Knoxville.

Jan. 30, 1992.

Permission to Appeal Denied by Supreme Court May 26, 1992.

Steve D. Anderson, appellant pro se.

Charles W. Burson, Atty. Gen. and Reporter, C. Anthony Daughtrey, Asst. Atty. Gen., Nashville, and Edward R. Sempkowski, Asst. Dist. Atty., Morristown, for the State of Tenn.

OPINION

WADE, Judge.

The petitioner, Steve D. Anderson, appeals the trial court's dismissal of his petition for post-conviction relief from several

Hamblen County convictions. Among the several issues presented for our review are the following:

(1) whether the petitioner had waived his right to challenge all of his prior convictions except for an escape conviction;

(2) whether the trial court erroneously considered the state's untimely response to the petition for post-conviction relief.

We find that the petitioner has not waived the constitutional issues which might be properly alleged in a post-conviction proceeding; the judgment is reversed and the cause is remanded for an evidentiary hearing.

On April 26, 1985, the petitioner was convicted of a number of automobile theft-related offenses in Hamblen County. He received an effective sentence of 41 years. Subsequently, he entered pleas of guilt to three charges of concealing stolen property for which he received a sentence of 18 years. The Jefferson County convictions were ordered to be served concurrently with the sentences previously imposed by the Hamblen County Criminal Court. A post-conviction petition attacking the Jefferson County convictions was unsuccessful. *See State v. Steve D. Anderson*, No. 79, 1989 WL 76318 (Tenn.Crim.App., Knoxville, July 13, 1989).

After being convicted of the Hamblen County charges, the defendant gave notice of appeal to this court. While the appeal was pending, however, the petitioner escaped from custody. He was a fugitive for several months until his recapture on March 25, 1986. Meanwhile, the petitioner's appeal of the Hamblen County convictions was dismissed based upon his escape status. *See Bradford v. State*, 184 Tenn. 694, 202 S.W.2d 647 (1947).

The petitioner then sought a delayed appeal, by way of the Post–Conviction Procedure Act, of the Hamblen County convictions. A number of grounds were asserted that could have been raised on direct appeal. The trial court dismissed; our court affirmed based upon *Brown v. State*, 537 S.W.2d 719 (Tenn.Crim.App.1975). In *Brown*, it was held that a defendant who has escaped from custody waives his right not only to direct appeal but to post-conviction review. Citing that rule, our court found that the petitioner was barred from post-conviction relief. *Steve D. Anderson v. State*, No. 270, 1988 WL 138858 (Tenn. Crim.App., Knoxville, December 27, 1988) (*PTA denied* April 3, 1989). Later, the United States District Court dismissed a petition for writ of habeas corpus. On appeal, the United States Court of Appeals for the Sixth Circuit, citing *Estelle v. Dorrough*, 420 U.S. 534, 537, 95 S.Ct. 1173, 1175, 43 L.Ed.2d 377 (1975), affirmed, holding that "Anderson's escape constitutes an inexcusable procedural default which bars him from receiving habeas relief." *Steve D. Anderson v. Carlton*, No. 89–6063 (6th Cir., September 27, 1989).

I

In this petition, the petitioner attacked each of those Hamblen County convictions resulting in the 41–year sentence. Among other things, he alleged violations of his rights to equal protection, due process (prosecutorial misconduct), and effective assistance of counsel. For example, the petitioner asserted that his cumulative sentence of 41 years was disproportionate to the sentences of others convicted of similar offenses; he argued that the prosecutor was guilty of misconduct for introducing evidence of other crimes; and he submits that his counsel was ineffective. The trial court found that the rule in *Brown* controlled and that the petitioner had waived his right to make a collateral attack upon any of his Hamblen County convictions except for the escape.

■ We disagree. *Brown* no longer controls. Just because the petitioner escaped while his direct appeal was pending does not mean that he forever waived his entitlement to review. Recently, in *French v. State*, 824 S.W.2d 161 (Tenn.1992), our Supreme Court, after determining that *Brown* was erroneously decided, approved instead the rationale of other of our court's published opinions involving the same or a similar issue. *See Campbell v. State*, 576

S.W.2d 591 (Tenn.Crim.App.1978) and *Mayes v. State,* 671 S.W.2d 857 (Tenn.Crim. App.1984). *French* provides that a convicted defendant who flees the jurisdiction and is later captured does not waive "all rights to solicit post-conviction relief." 824 S.W.2d at 162. Only those convicted felons still on escape status are barred from seeking relief. The post-conviction procedure is available to those who have been returned to custody. We read *French* to allow a collateral attack based upon constitutional grounds. A delayed appeal is not permissible.

Because this petitioner was no longer a fugitive at the time he filed his petition, he was entitled to a determination on the merits of his claims of constitutional infringement relating to each conviction.

## II

■ Secondly, the petitioner claims that the state should have been precluded from filing an answer to the petition. The original petition in this proceeding was filed on June 14, 1989. At the same time, the petitioner sought to have the case held in abeyance until 90 days "after the petitioner has exhausted the issues of the first petition in Federal court." On October 16, 1989, the petitioner filed additional pleadings seeking post-conviction relief. Because no response was filed by the state, the petitioner sought both a default judgment and a judgment on the pleadings by motion dated January 15, 1990. The state concedes that its response was untimely yet claims that no prejudice resulted and that the trial court did not abuse its discretion by permitting a late filed answer. We agree with the state.

The judgment of the trial court is reversed. The cause is remanded.

SUMMERS and TIPTON, JJ., concur.