John Haygood CURTIS, Appellant,

v.

STATE of Tennessee, Appellee.

Court of Criminal Appeals of Tennessee, at Nashville.

May 17, 1995.

Joel Kachinsky, Summertown, for Appellant.

Charles W. Burson, Attorney General & Reporter, Eugene J. Honea, Assistant Attorney General, Criminal Justice Division, Nashville, Joe D. Baugh, District Attorney General, and Donald D. Schwindemann, Assistant District Attorney General, Hohenwald, for Appellee.

## *OPINION*

WELLES, Judge.

This is an appeal as of right pursuant to Rule 3 of the Tennessee Rules of Appellate Procedure. The Defendant appeals from an order of the trial court denying him post-conviction relief. We affirm the action of the trial court.

We will first review the procedural history of this case. In April of 1984 in Lewis County, Tennessee, the Defendant was convicted on a jury verdict of grand larceny and was sentenced to ten years in the Department of Correction. In May of 1984, again in Lewis County, the Defendant was convicted of second degree burglary and grand larceny. He subsequently escaped from custody and was sentenced *in absentia* to fifteen years for the burglary and ten years for the larceny. All three sentences were to run consecutively for an effective sentence of thirty-five years. Because the Defendant was on escape status, no direct appeals were taken from these convictions or sentences.

The Defendant was eventually returned to custody[1] and in February of 1987, filed petitions for post-conviction relief from the convictions addressed herein. His petitions were dismissed by the trial court without

appointing counsel and without an evidentiary hearing. The Defendant appealed the dismissal and this court reversed the trial judge and remanded the post-conviction proceedings to the trial court for appointment of counsel, the filing of an amended petition and a hearing on the merits.[2]

Counsel was appointed and the petitions were amended. The petitions were consolidated for purposes of conducting a hearing and the trial court conducted a full and lengthy hearing on the merits. The trial judge took the matters under advisement and subsequently entered an order denying the petitioner post-conviction relief, along with a detailed memorandum setting forth reasons for the court's order. It is from this order of the trial court denying post-conviction relief that the Defendant appeals.

We will briefly address the underlying facts which led to the convictions. In the first grand larceny case, the Defendant was convicted of stealing a Ford pick-up truck from a church parking lot while the owner of the truck and his family were attending church. The truck was found a short time thereafter overturned on a rural road. Certain items had been removed from the truck. The Defendant later on that same day was arrested for a separate charge. Certain items which had been taken from the stolen pick-up truck were found in the automobile which he was driving at the time he was arrested on the separate charge. Tire tracks found near the overturned pick-up truck matched the tires on the Defendant's car. A piece of chain found in the trunk of the Defendant's car matched a piece of chain found attached to the axle of the overturned pick-up truck. There was no other direct evidence that the Defendant stole the pick-up truck.

In the second case, the Defendant was convicted of second degree burglary and grand larceny. On October 31, 1982, the victims' home was burglarized while they were attending church. Approximately fif-

---

1. There is evidence in the record that the Defendant was arrested for and convicted of an armed robbery that occurred while he was on escape status in the case *sub judice*.

2. *State v. John Haygood Curtis*, No. 87–53–III, Lewis County (Tenn.Crim.App., Nashville, filed June 29, 1989).

teen rings or other pieces of jewelry were stolen. On November 2, 1982, the Defendant and a co-defendant sold five of the stolen rings to a Columbia jeweler. There was no other direct evidence that the Defendant burglarized the home or stole the jewelry.

Because there was no direct appeal due to the Defendant's escape from custody, a transcript of the proceedings was not prepared until several years later, after the post-conviction proceedings had begun. The record of the "pick-up truck" case is fragmented because the stenographic notes could not be located and the tape recorder used as a backup apparently malfunctioned.

■ The Defendant on this appeal argues several issues which would normally be reviewable only on direct appeal. The State first argues that the Defendant has waived all claims argued on this appeal except those asserting ineffective assistance of counsel. Because we agree, in most respects, with the State's argument, we first address the State's argument concerning those issues which may be properly considered in post-conviction proceedings in the case *sub judice.*

Post-conviction relief is generally available under Tennessee law when a conviction or sentence is void or voidable because of the abridgement in any way of rights guaranteed by the Constitution of Tennessee or the Constitution of the United States. Tenn.Code Ann. § 40–30–105. However, the scope of the proceeding shall not extend to grounds which have been waived or previously determined. Tenn.Code Ann. § 40–30–111. "A ground for relief is 'previously determined' if a court of competent jurisdiction has ruled on the merits after a full and fair hearing." Tenn.Code Ann. § 40–30–112(a). "A ground for relief is 'waived' if the petitioner knowingly and understandingly failed to present it for determination in any proceeding before a court of competent jurisdiction in which the ground could have been presented." Tenn. Code Ann. § 40–30–112(b)(1). There is a rebuttable presumption that a ground for relief is waived if it is not raised in a preceding in a court in which the ground could have been properly presented. Tenn.Code Ann. § 40–30–112(b)(2).

The Tennessee Supreme Court has subscribed to the rule that a convicted defendant who becomes a fugitive while his appeal is pending waives his right to appeal and that such an appeal may be peremptorily dismissed. This rule is based on the premise that a defendant who escapes and becomes a fugitive from justice places himself beyond the control of the court and therefore waives his right to be heard either by himself or counsel. Further, a defendant's status as an escapee means that he cannot be made to respond to any judgment rendered by a court. Therefore, a court should not be required to give its time to proceedings which, for their effectiveness, demand the consent of an absent defendant.

*French v. State,* 824 S.W.2d 161, 162 (Tenn. 1992) (interpreting *Bradford v. State,* 184 Tenn. 694, 202 S.W.2d 647 (1947)).

It is clear from this record that the Defendant waived his right to pursue a direct appeal from his convictions and sentences because he escaped and remained on escape status during the time in which a direct appeal should have been pursued. *Bradford v. State,* 184 Tenn. at 697, 202 S.W.2d at 648; *Garrett v. State,* 534 S.W.2d 325, 327 (Tenn. Crim.App.1975), *cert. denied, id.* (Tenn.1976).

Because the Defendant voluntarily chose to waive his right to appeal from any errors he alleges occurred during his trial and sentencing process, the judgment of the trial court thus became final as to those issues raised and ruled upon by the trial court. Therefore, the issues that were decided by the trial court which are asserted as grounds for relief in the post-conviction proceeding have been "previously determined" and thus may not be considered in a post-conviction procedure. Tenn.Code Ann. § 40–30–111. Furthermore, there is a rebuttable presumption that those grounds for relief that were not raised during the trial court proceedings are waived. Tenn.Code Ann. § 40–30–112(b)(2).

It is clear that in spite of the Defendant's waiver of his direct appeal because he chose to escape, the Defendant did not waive his right to seek post-conviction relief. *Anderson v. State,* 835 S.W.2d 40, 42 (Tenn.

Crim.App.), *perm to appeal denied, id.* (Tenn.1992).

▇▇▇ Ineffective assistance of counsel at trial is a Constitutional issue which is the proper subject of a petition for post-conviction relief. While the right to a delayed appeal may also be brought by post-conviction proceedings in appropriate cases, a post-conviction petition is not a vehicle to review errors of law as a substitute for direct appeal. *French,* 824 S.W.2d at 163. We will now address the issues which the Defendant argues on this appeal.

The Defendant first argues that he will be denied due process of law if the sufficiency of the evidence, errors at law, or errors in the trial judge's exercise of discretion are not reviewed by an appellate court at least once. To reiterate, we conclude that the Defendant has voluntarily waived his right of direct appellate review.

▇▇▇ The Defendant argues: (1) That he was denied due process of law based on the trial judge's error in charging the jury on the inference which may be drawn from possession of recently stolen property; (2) that he was denied due process of law because of the trial judge's error in allowing the jury to convict him on insufficient evidence; and (3) that he was denied due process of law based on the trial judge's error of allowing proof and statements which were irrelevant and whose prejudicial effect outweighed their probative value. We conclude that these issues have been "previously determined" by the trial court. We further conclude that the Defendant waived appellate review of these alleged errors when he waived his right to direct appellate review.

▇▇▇ The Defendant further argues that he was denied his right to an impartial jury because several jurors knew about his reputation, criminal record, facts of the case or knew the victims of the offense. The trial court found that one of the jurors did know of the Defendant's criminal record, although the trial court further found that the Defendant was aware of this at the time the juror was selected for the jury. While the Defendant at the post-conviction hearing called several members of his juries as witnesses

and there is evidence that one or more had some prior knowledge of the Defendant's reputation or criminal history, we are unable to conclude that this information was not known to the Defendant at the time the jury was selected. We note that the Defendant did not exercise all of his preemptory challenges. If the Defendant had challenged a juror for cause because of said knowledge and the trial court had refused to excuse the juror for cause, this issue would have been reviewable on direct appeal. Furthermore, the Defendant has totally failed to carry the burden of establishing any prejudice that resulted from any such knowledge a juror may have had.

The Defendant argues that in one of his trials, he was denied due process of law and his right to be present during a criminal prosecution because the trial judge erroneously continued jury selection while the Defendant was involuntarily absent due to being hospitalized.

▇▇▇ Jury selection for this trial was somewhat difficult and consumed slightly over two days. The record reflects that on May 25, 1984, court convened at 9:00 a.m. and the Defendant was present. While the record does not reflect exactly what happened, the Defendant obviously experienced some sort of problem and was taken to the hospital for observation. The Defendant's attorney advised the trial court that it was agreeable to go ahead with jury selection. The record reflects that the jury selection was completed by 10:00 a.m. that morning so the Defendant was absent only a short period of time during which apparently two jurors and two alternates were selected.

At the post-conviction hearing, the Defendant's trial attorney testified that he was reasonably sure that he had discussed with the Defendant as to whether or not to proceed with jury selection in his absence. He stated that he did not have "an actual memory of it, but my impression is that there was." Even if the Defendant did not voluntarily waive his presence during this portion of jury selection, he has demonstrated absolutely no prejudice. Any error of the trial

court in proceeding with jury selection in his absence is harmless.

■ In the case in which the Defendant was convicted of the grand larceny of the truck, the Defendant alleges in general and conclusory terms that his trial counsel were ineffective. He argues that they did not adequately ensure the selection of an impartial jury, that they did not call crucial defense witnesses, that they did not raise proper objections to evidence, and that they did not move for a mistrial when it was mentioned that he had been arrested on a capias for another crime.

At the post-conviction hearing, the Defendant called two of the witnesses which he argued should have been called as witnesses at the trial. One of the witnesses was called to establish that the witness had ownership or possession of the Defendant's vehicle on a certain day. On cross-examination, the witness stated concerning some of the details: "I don't have no recollection. You have to understand during this time period I'm out here on drugs so bad I don't know what day it is." The witness further stated that at the time of the Defendant's trial, the witness had himself served time in the penitentiary.

The Defendant presented another witness to establish certain events that occurred at the time the Defendant was arrested. When this witness was asked if he could tell what happened at a certain point on that day, he replied "honestly, no, cause I was drunk, I'll just tell you like it is."

While each of these two witnesses attempted to testify as to certain factual scenarios that tended to support a factual argument made on behalf of the Defendant, it is obvious that their credibility was in question. We cannot second guess the trial attorney's decision not to call them.

■ In the case involving the conviction of burglary and theft of the jewelry, the Defendant also argues that he was denied effective assistance of counsel. He specifically argues that he was denied effective assistance of counsel because his attorneys did not move for a change of venue due to the publicity concerning the case and the Defendant's well known reputation and criminal record. As we have noted, jury selection in this case was difficult because a large number of jurors had knowledge of the Defendant's reputation or criminal record. However, a jury was seated and the Defendant did not exhaust his preemptory challenges. Most of the prospective jurors who expressed any knowledge concerning the Defendant or the crime were excused for cause. Again the Defendant has not carried his burden of showing either ineffective assistance of counsel or prejudice therefrom.

Several times in the Defendant's argument, he stresses the fact that the Defendant's attorney who testified at the post-conviction hearing could not remember why they did or did not do certain things during the trial of this case. We simply point out that the testimony of the attorney at the post-conviction hearing took place approximately nine years after the trial. The fact that the attorney had little independent recollection of such matters is understandable.

■ The test to determine whether or not counsel provided effective assistance at trial is whether or not his performance was within the range of competence demanded of attorneys in criminal cases. *Baxter v. Rose,* 523 S.W.2d 930 (Tenn.1975). Under *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 *reh'g denied,* 467 U.S. 1267, 104 S.Ct. 3562, 82 L.Ed.2d 864 (1984), there is a two-prong test which places the burden on the appellant to show that (1) the representation was deficient, requiring a showing that counsel made errors so serious that he was not functioning as "counsel" as guaranteed a defendant by the Sixth Amendment, and (2) the deficient representation prejudiced the defense to the point of depriving the defendant of a fair trial with a reliable result. 466 U.S. at 687, 104 S.Ct. at 2064. To succeed on his claim, the appellant must show that there is a "reasonable probability," which is a probability sufficient to undermine confidence in the outcome that, but for the counsel's unprofessional errors, the results of the proceeding would have been different. *Id.* at 694, 104 S.Ct. at 2067. The burden rests on the appellant to prove his allegations by a preponderance of the evidence. *Long v. State,* 510 S.W.2d 83, 86

(Tenn.Crim.App.1974). We also do not use the benefit of hindsight to second-guess trial strategy by counsel and criticize counsel's tactics. *Hellard v. State,* 629 S.W.2d 4, 9 (Tenn.1982).

We conclude that the Defendant has failed to carry his burden of showing that either prong of the two-prong test has been met.

The judgment of the trial court is affirmed.

WADE and SUMMERS, JJ., concur.