# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### SEPTEMBER SESSION, 1998

FILED

February 10, 1999

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| RICKY FLAMINGO BROWN, | ) | C.C.A. NO. 01C01-9708-CR-00363 |
| | ) | |
| Appellant, | ) | |
| | ) | DAVIDSON COUNTY |
| V. | ) | |
| | ) | |
| | ) | HON. ANN LACY JOHNS, JUDGE |
| STATE OF TENNESSEE, | ) | |
| | ) | |
| Appellee. | ) | (NOTICE OF APPEAL) |

FOR THE APPELLANT:                    FOR THE APPELLEE:

**MICHAEL E. TERRY**                    **JOHN KNOX WALKUP**
209 Tenth Avenue South                Attorney General & Reporter
Suite 310 Cummings Station
Nashville, TN 37203                   **KAREN M. YACUZZO**
                                      Assistant Attorney General
                                      2nd Floor, Cordell Hull Building
                                      425 Fifth Avenue North
                                      Nashville, TN 37243

                                      **VICTOR S. JOHNSON, III**
                                      District Attorney General

                                      **ROGER MOORE**
                                      Assistant District Attorney General
                                      Washington Square
                                      222 Second Avenue North, Suite 500
                                      Nashville, TN 37201-1649

OPINION FILED _____

AFFIRMED

THOMAS T. WOODALL, JUDGE

# OPINION

The Petitioner, Ricky Flamingo Brown, appeals the order of the Davidson County Criminal Court dismissing his petition for post-conviction relief. In this appeal, the Defendant challenges (1) the trial court's ruling as to the effectiveness of his trial counsel, (2) the admission of incompetent testimony at trial, and (3) the legality of the sentence imposed by the trial court. We affirm the judgment of the trial court.

The post-conviction court accurately summarized the procedural history of Petitioner's case as follows:

> [Petitioner] was indicted by the Davidson County Grand Jury in 1986 and charged with aggravated rape, accused of having sex with his twelve year old daughter. Trial was held in the Criminal Court for Davidson County, Tennessee, Division II, on August 3 and August 4, 1987. The jury convicted [Petitioner] and his bond was immediately revoked. [Petitioner] was placed in a room in the Criminal Justice Center in Nashville, Tennessee, and later the same day escaped from the Justice Center. [Petitioner] did not appear for the sentencing hearing. [Petitioner] received a life sentence in absentia. A motion for new trial was filed but denied as waived, and no direct appeal was prosecuted.

> [Petitioner] was arrested and incarcerated in June 1990 and since has been serving a life sentence in Tennessee correctional facilities. On July 23, 1990, [Petitioner] filed a pro se post conviction petition in this court, seeking review of his conviction and sentence. Subsequently, all parties agreed to postpone further proceedings, to allow [Petitioner] the opportunity to seek a direct appeal.

> [Petitioner] filed an application for delayed appeal with the Court of Criminal Appeals. Subsequently [Petitioner] sought both direct appeal and delayed appeal, and was denied by the Court of Criminal Appeals and the Tennessee Supreme Court. In March and May 1996 evidentiary hearings were held on the post-conviction petition, and at the conclusion, proposed findings were ordered, at the suggestion of the parties, and subsequently filed.

Petitioner filed his post-conviction petition in 1990, nearly three (3) years from date of his conviction, but still within the statute of limitations period in effect at the time. Tenn. Code Ann. §40-30-102 (repealed May 10, 1995). At the time Petitioner filed his petition for post-conviction relief, the petitioner had the burden of proving the allegations by a preponderance of the evidence. McBee v. State, 655 S.W.2d 191, 195 (Tenn. Crim. App. 1983). Moreover, the trial court's findings of fact are conclusive on appeal unless the evidence preponderates against the judgment. State v. Buford, 666 S.W.2d 473, 475 (Tenn. Crim. App. 1983); Tidwell v. State, 922 S.W.2d 497, 500 (Tenn. 1996); Campbell v. State, 904 S.W.2d 594, 595-96 (Tenn. 1995).

In reviewing the Petitioner's Sixth Amendment claim of ineffective assistance of counsel, this Court must determine whether the advice given or services rendered by the attorney are within the range of competence demanded of attorneys in criminal cases. Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). To prevail on a claim of ineffective counsel, a petitioner must show that counsel made errors so serious that he was not functioning as counsel as guaranteed under the Sixth Amendment and that the deficient representation prejudiced the petitioner resulting in a failure to produce a reliable result. Strickland v. Washington, 466 U.S. 668, 687, reh'g denied, 467 U.S. 1267 (1984); Cooper v. State, 849 S.W.2d 744, 747 (Tenn. 1993); Butler v. State, 789 S.W.2d 898, 899 (Tenn. 1990). On the issue of ineffective assistance of counsel, the trial court found that the record demonstrated "defense counsel's general knowledge of the law, derived from his many years of successful practice in the criminal law field, and his case-specific preparation, were adequate to meet the standard required of criminal defense attorneys."

Petitioner cites the following instances of ineffective assistance of counsel by his trial attorney:

1. Counsel failed to contact all witnesses, failed to interview available prosecution witnesses, and failed to prepare for trial.

2. Counsel failed to conduct discovery and any other investigation, and failed to develop a theory of defense.

3. Counsel did not communicate with his predecessor who formerly represented the Petitioner in this case and counsel did not communicate with the prosecuting attorneys.

4. Counsel did not adequately prepare the Defendant for trial.

5. Counsel only met with Petitioner for one (1) hour prior to the trial, and stated that he did not need any witnesses.

6. Counsel failed to call witnesses at trial who were available, and whose testimony would have aided the Petitioner's defense.

7. Counsel failed to subpoena witnesses who were necessary to establish a plausible defense.

8. Counsel's failure to investigate the facts and circumstances surrounding the case prevented counsel from effectively examining and cross-examining witnesses during the trial.

9. Counsel did not file appropriate pre-trial motions and/or motions in limine and did not object to "prejudicial and incompetent testimony" of Era Hogan, Ann Brooks, and Dr. Margaret Ann Martin.

10. Counsel did not file an effective and appropriate motion for new trial and therefore failed to develop appealable issues which would have helped the Defendant.

11. Counsel failed to represent the Petitioner in sentencing procedures. Specifically, he states that counsel did not file a sentencing memorandum, argue sentencing guidelines to the trial court, and "simply acquiesced" in the sentencing procedure which resulted in a life sentence.

12. Counsel did not pursue or otherwise preserve the right of a direct appeal for Petitioner.

We have reviewed the transcript of the trial. Issues which Petitioner argues should now be considered as if there were a direct appeal of the conviction are without merit, or if error, were harmless error. Tenn. R. App. P. 36(b); Tenn. R. Crim. P. 52(a). Both the issues of incompetent testimony and improper sentencing are not proper issues to be addressed in post-conviction proceedings. Tenn. Code Ann. § 40-30-105. Only issues of constitutional import are proper consideration for this court on review of a petition for post-conviction relief. While Petitioner may have had a right for review of these issues on direct appeal, he waived this right when he absconded prior to the trial court's consideration of his motion for new trial and remained at large during the time in which he could have filed a direct appeal. See Lamm v. State, No. 03C01-9702-CC-00073, Blount County (Tenn. Crim. App., at Knoxville, March 23, 1998) (No Rule 11 application filed); Curtis v. State, 909 S.W.2d 465, 468 (Tenn. Crim. App. 1995). While his prior escape does not preclude post-conviction relief, "a criminal defendant cannot interrupt or terminate a criminal proceeding by his failure to pursue the legal procedures available for the correction of errors and then, in a post-conviction proceeding, seek relief based on an error committed during the proceeding." Shazel v. State, 966 S.W.2d 414, 416 (Tenn. 1998); French v. State, 824 S.W.2d 161 (Tenn. 1992).

Any evidence which Petitioner complains was "incompetent testimony" but admitted at trial as "fresh complaint" evidence was clearly admissible under the law in existence at the time of his trial. His reliance upon State v. Livingston, 907 S.W.2d 392 (Tenn. 1995)(holding in child sexual offense cases, neither the fact of complaint nor details of complaint to a third party is admissible under "fresh complaint" doctrine), is misplaced as that case was not decided until eight (8) years

after the conclusion of Petitioner's trial. In addition, Petitioner's argument that the record fails to justify his sentence as a Range II Offender is without merit. In 1987, at the time of Petitioner's offense, the prescribed punishment for aggravated rape of a child less than thirteen (13) years of age in violation of Tennessee Code Annotated section 39-2-603 (repealed November 1, 1989) was "imprisonment in the penitentiary for life or a period not less than twenty (20) years" as a Range II Offender. Tenn. Code Ann. § 40-35-107(5) (repealed November 1, 1989). Therefore, the only issue this court will consider is whether Petitioner's trial counsel provided ineffective assistance during the trial.

At the post-conviction hearing, defense counsel testified as to his recollection of the trial and his trial preparation. The inordinately long passage of time (in part directly due to the Petitioner's escape) combined with counsel's physical limitations did not allow defense counsel to completely detail his trial preparation and strategy. Diminished recollection of the attorney at a post-conviction hearing delayed as a result of a defendant's escape is understandable. Curtis v. State, 909 S.W.2d 465 (Tenn. Crim. App. 1995). The record demonstrates that Petitioner's trial counsel presented four (4) witnesses on the Petitioner's behalf, including the Petitioner, Petitioner's wife, step-daughter and mother. Counsel also thoroughly cross-examined the State's witnesses. There is every appearance from the record that trial counsel was prepared for trial.

While the original pretrial motion is not contained within the record, it is clear from the trial transcript that Petitioner's counsel sought to introduce testimony that others had sexual relations with the victim and the trial court ruled this testimony inadmissible. Specifically, the trial court addressed the Petitioner during trial, stating

"You were present when I made my ruling that any evidence regarding prior sexual conduct on the part of [the victim] is irrelevant and inadmissible, and any attempt on your part to get evidence of that into the record is a flagrant violation of my order, and it should not happen again." Also, it is evident from the trial transcript that counsel's defense theory was that the victim had fabricated the allegations due to the possible influence of her mother.

Petitioner's trial counsel testified that he had access to the Petitioner's file from his former attorney and had open access to the State's files for discovery. He then reviewed the State's files and discussed the merits of the case with the prosecutor. He testified that he discussed the case with both the Petitioner and his wife and prepared both of them for their testimony. He made objections as to certain testimony during the course of the trial, some of which were sustained. Defense counsel noted that if he did not object specifically to evidence introduced, his strategy was either that the evidence should have come in or was not harmful to the Petitioner. In light of the law in effect at the time of Petitioner's trial, the testimony of some witnesses was admissible as "fresh complaint" evidence. Livingston, 907 S.W.2d at 395. When reviewing defense counsel's actions, this court should not use the benefit of hindsight to second-guess trial strategy and criticize counsel's tactics. Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982).

Following Petitioner's conviction and escape, defense counsel filed a motion for new trial which was denied in light of the Petitioner's escape. Defense counsel did not file a notice of appeal due to the fact that Petitioner's escape resulted in a waiver of his right to appeal. The remaining allegations of ineffective assistance of counsel by virtue of counsel's failure to file appropriate motions for new trial,

represent Petitioner properly at the sentencing hearing and pursue or preserve the right of a direct appeal are without merit. Petitioner escaped prior to the time the motion for new trial was filed and remained out of the custody of the State until the time for a direct appeal had passed. Thus, he does not show any prejudice from the trial counsel's actions following the trial. See Lamm, slip op. at 2; Curtis, 909 S.W.2d at 468. In other words, no matter how well any attorney would have tried to represent Petitioner on direct appeal after his escape, the issues that could be presented would be waived because of the escape from custody.

As the trial court noted within its findings of fact, the "record demonstrates that defense counsel, an extraordinarily experienced criminal trial lawyer, had communication with predecessor defense counsel; enjoyed open file discovery from the State, supplemented with the victim's medical records requested and obtained from the State; and had access to his client, who was free on bond [prior to trial]."

The Petitioner has failed to prove his allegations by a preponderance of the evidence, and we affirm the trial court's dismissal of the Petitioner's petition for post-conviction relief.

_____
THOMAS T. WOODALL, Judge

CONCUR:

_____
GARY R. WADE, Presiding Judge

_____
JAMES CURWOOD WITT, JR., Judge