BRADFORD *v.* STATE.

(*Nashville,* December Term, 1946.)

Opinion filed May 31, 1947.

HOWARD F. BUTLER, of Nashville, for plaintiff in error.

NAT TIPTON, Assistant Attorney General, for the State.

MR. JUSTICE TOMLINSON delivered the opinion of the Court.

Tom John Bradford, who is designated on this appeal as plaintiff-in-error, was indicted for involuntary manslaughter and a verdict of guilty was returned by the jury. He seasonably filed motion for a new trial setting out therein alleged errors committed during the trial. He was on bond for his personal appearance at that time. When his motion for a new trial came on for hearing he was not present, and it appears from the statement of his counsel at the bar of this court that he was at that time and has continued since to be a fugitive from justice. After being called out in the manner required by law, judgment by default was taken against him and the sureties on his appearance bond, and the trial court entered an order dismissing his motion for a new trial reciting on the face of the order that it was dismissed "for want of prosecution." Counsel who had appeared for the defendant excepted to this action of the court, prayed and was allowed an appeal to this court and filed bill of exceptions within the time required by law. No errors have been assigned in this court, but it was submitted in oral argument here that the trial court was without authority to dismiss Bradford's motion for a new trial without the consent of defendant, or over the objection interposed by his counsel in the absence of the defendant. In the plight of this record, this court cannot review the case other than to determine whether the trial court committed error in dismissing the motion for

a new trial, without considering that motion on its merits, because the defendant had escaped and was a fugitive from justice at the time.

This question appears to be one of first impression in this court, and our search of the authorities has failed to disclose a decision of the exact question elsewhere.

■ A footnote appearing in our case of Miller's Lessee v. Holt, 1 Tenn. 49, 51 states:

"In England the practice is to allow a rule to show cause why a new trial should not be granted. Here, the party obtaining the rule opens and concludes the argument; the rule therefore, here is to show cause why it should be granted, which is agreeable to the principle laid down by the Chief Justice of the United States in 1 Burr's Trial, 276."

In the case of *Vowell* v. *State*, 132 Tenn. 349, 361, 178 S. W. 768, 771, this court held that an appeal by the defendant from a conviction in a criminal case "is not a prosecution by the state, but a proceeding in error brought by the accused himself . . . to reverse the judgment rendered against him by the trial court." For the same reason, the motion of the defendant for a new trial is not a prosecution by the state, but a proceeding brought by the accused himself to procure a setting aside of the verdict returned against him by the jury after the trial assured him by the constitution. An appeal from a conviction in the lower court is analogous to a motion for a new trial in the lower court to set aside the verdict of the jury in that in both situations the proceedings are commenced and prosecuted by the defendant in an effort to show cause why his conviction should not be set aside and a new trial granted. It logically follows that in this respect a defendant who escapes and becomes a fugitive from justice while his motion for a new trial is

pending is in the same situation as a defendant who escapes and becomes a fugitive from justice while his appeal is pending.

The question has frequently arisen as to what disposition the appellate court should make of the appeal when the defendant escapes and becomes a fugitive from justice while his appeal is pending and is at large at the appointed time for the hearing of the appeal. The general rule in such a situation is stated by the editor in 2 Ruling Case Law, page 63, section 46 as follows:

"It has frequently been held that it is essential that the accused should be in custody pending his appeal by being confined in the county jail or state prison, as may be provided by law, or constructively in custody by being admitted to bail, so that he can be made to respond to any judgment or order which may be rendered in the case, and that where he is a fugitive from justice his appeal should peremptorily be dismissed on motion, on the ground that he has thereby waived his right of appeal."

The reason for this rule is clearly stated by the editor in 2 American Jurisprudence, page 989, section 235 thus:

"The reason given by the court for dismissing the case on appeal from the conviction, where the appellant has escaped and become a fugitive from justice, is that its order and judgment may never be enforced because the appellant, by escaping, has placed himself beyond the control of the court, and therefore he has waived his right to be heard either by himself or by his counsel."

Cases from many jurisdictions holding in accord with the general rule just above stated are collected in 26 L. R. A. (N. S.), 921-927. The conclusion in each case is for the reason above stated. The leading case in this annotation is the Oklahoma case of *Tyler* v. *State*, 3 Okl. Cr. 179, 104 P. 919, 922. There the court in dismissing an

appeal because the defendant has escaped and is a fugitive from justice at the time the appeal came on to be heard said:

"Where a person convicted of a felony has escaped from the custody of the law, no order or judgment, if any should be made, can be enforced against him, and appellate courts will not give their time to proceedings which, for their effectiveness, must depend upon the consent of an escaped convict. While we find no express provision of our statute authorizing a dismissal of an appeal in a criminal case for the reasons stated in the present motion, we are of opinion that the appellant by his own act has waived the right to have his case considered and determined. In this conclusion we are sustained by the authorities quoted, and many others."

The situation of the trial court is the same on the hearing of the motion for a new trial as that of the appellate court on the hearing of the appeal when the defendant has escaped and is a fugitive from justice. If the trial court should overrule the motion for a new trial, its order and judgment based thereon may never be enforced because the defendant by escaping has placed himself beyond the control of the court. He cannot be made to respond to any judgment which may be rendered in the case, assuming it could be rendered in his absence. Therefore, the trial court should not be required to give its "time to proceedings which, for their effectiveness, must depend upon the consent" of the defendant. The same principle upon which the appellant court dismisses the appeal in such a situation is equally as applicable to the trial court when the defendant has escaped and is a fugitive from justice at the time of the hearing of the motion for a new trial.

■ We concur in the reasoning of the above authorities and the conclusions there reached, and are of the opinion that the principle declared is applicable to the instant case. We are, accordingly, of the opinion that the defendant by his own act has waived the right to have his motion for a new trial considered and determined. His conduct was in legal effect an abandonment of the prosecution of his motion. We think, therefore, that the court did not commit error in ordering the dismissal of that motion. Its judgment so ordering is affirmed.

All Justices concur.