**John Henry BROWN, Petitioner,**

v.

**STATE of Tennessee, Respondent.**

Court of Criminal Appeals of Tennessee.

Dec. 19, 1975.

Thomas O. Helton & John B. Phillips, Jr., Chattanooga, for petitioner.

R. A. Ashley, Jr., Atty. Gen., Robert B. Littleton, Asst. Atty. Gen., Nashville, David H. Rotroff, Asst. Dist. Atty. Gen., Chattanooga, for respondent.

WALKER, Presiding Judge.

## OPINION

By his petition for postconviction relief, John Henry Brown attacks the constitutionality of his conviction for assault with intent to commit second degree murder and sentence to one to five years in the penitentiary. His counsel did not want an evidentiary hearing but submitted his claims on the pleadings, the stipulation of the facts and the record, including the transcript of two witnesses at the trial. This testimony was considered by the trial judge in making his memorandum and order dismissing the petition. In that order the trial judge carefully reviewed all of the petitioner's contentions and found them to be without merit. We agree and affirm the dismissal.

The stipulation shows that Brown, represented by retained counsel, was convicted February 8, 1974. He was allowed time to file his motion for a new trial and was released on bond. He then fled the jurisdiction to avoid the processes of law. Because of his flight, no new trial motion was filed or appeal taken. He was apprehended July 23, 1974, and began serving his sentence.

The trial judge found that the matters of which petitioner complains were raised at trial, but that by jumping bond, failing to appear in court and failing to prosecute the new trial motion or appeal, the petitioner had waived them.

■ By fleeing the jurisdiction, the petitioner waived his right not only to a new trial motion and appeal but also any right to a delayed appeal or relief under postconviction procedure. In *Bradford v. State,* 184 Tenn. 694, 202 S.W.2d 647, our Supreme Court held that a defendant who is a fugitive from justice while his appeal is pending has waived his right of appeal. In unpublished opinions we have held this rule applies to postconviction procedures. *Clarence Allen Trent v. State* (November 1974 at Knoxville); *Tommy Moore v. State* (February 1973 at Knoxville); *Ralph R. Cozzolino v. State* (December 1972 at Knoxville). Although these opinions are unpublished, we think that the rule properly applies to postconviction cases and we here announce that rule as applying to postconviction procedures.

■ A petitioner must give a valid reason for his failure to raise issues at the first opportunity. *Arthur v. State,* Tenn., 483 S.W.2d 95. He must give the trial court the opportunity to correct errors by filing a motion for new trial. Errors not raised there cannot be raised on appeal. *Nelson v. State,* Tenn., 470 S.W.2d 32.

Fleeing the jurisdiction or escaping is not a valid excuse for failure to follow these rules. It follows that a petitioner who flees the jurisdiction or escapes has effectively foreclosed any relief for himself by his own actions.

■ In *Estelle v. Dorrough,* 420 U.S. 534, 95 S.Ct. 1173, 43 L.Ed.2d 377 (1975), the

United States Supreme Court upheld against constitutional attack a state court's dismissal of an appeal of an escaped defendant who was recaptured. It said that dismissal of pending appeals of escaped prisoners is a longstanding and established principle of American law and that court had long followed the practice of declining to review the convictions of escaped criminal defendants. We hold there is no constitutional objection to our rule of dismissal.

Although we hold that the petitioner waived review of his conviction by his flight from the jurisdiction, we also approve the trial judge's finding that the questions raised in the petition were meritless.

The petitioner claims that the state's refusal to furnish him an exculpatory statement in the state's possession violated *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215. The trial court held there was no *Brady* violation and if there were any error it was harmless.

Before trial the petitioner's attorney moved for exculpatory material. The statement of Carolyn Heifner claimed exculpatory was not furnished.

■ Carolyn Heifner was subpoenaed by the state but called as a defense witness and the petitioner elicited from her favorable testimony in the area he claims was exculpatory in the statement not furnished to him. The petitioner became aware of this favorable material and used it in his defense. In any event, he was not prejudiced by failure to learn of it earlier.

■ The petitioner also claims the admission into evidence of irrelevant and prejudicial parts of Carolyn Heifner's statement denied him a fair trial. This occurred on her cross-examination. In his order dismissing the petition, the trial judge held this legitimate cross-examination because it showed inconsistencies and whether or not threats had been made by the petitioner to force her to testify for him. The record sustains his finding. Courts have broad discretion in permitting cross-examination and the judge at the conviction did not abuse his discretion. A trial court's exer-

cise of judicial discretion is not reviewed on postconviction unless it involves constitutional rights. *Janow v. State,* Tenn.Cr.App., 470 S.W.2d 19. We find no violation of petitioner's constitutional right to a fair trial by this material.

All assignments are overruled and the judgment is affirmed.

GALBREATH and DUNCAN, JJ., concur.