Chester Lee SUMMERALL, Appellant,

v.

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee.

Oct. 6, 1977.

Certiorari Denied by Supreme Court
Jan. 23, 1978.

Brett B. Stein, Memphis, for appellant.

Brooks McLemore, Jr., Atty. Gen., Robert A. Grunow, Asst. Atty. Gen., Nashville, Michael W. Hughes, Asst. Dist. Atty., Memphis, for appellee.

OPINION

TATUM, Judge.

The defendant, Chester Lee Summerall, was convicted in the Criminal Court of Shelby County of assault and battery with intent to commit rape. He seasonably filed his written motion for a new trial and it was dismissed by the trial judge "for want of prosecution." The defendant appeals from the action of the trial judge in dismissing his motion for a new trial without considering it on its merits.

The case is before us on the technical record only, but we glean that the defendant's attorney failed to appear at the appointed hour and argue the defendant's motion for a new trial. The State moved that the motion be dismissed for want of prosecution and the State's motion was sustained. The defendant excepted and prayed an appeal to this court.

■ While we think that a defendant should be granted an opportunity to argue his motion for a new trial in criminal cases, there is no requirement that a defendant avail himself of this opportunity. If an unsuccessful litigant waives argument either expressly or by implication, then it is the duty of the trial judge to consider the motion on its merits without hearing argument of such litigant, and rule accordingly. *Jerkins v. McKinney*, 533 S.W.2d 275 (Tenn. 1976). It was error for the trial judge to dismiss the defendant's motion for a new trial "for want of prosecution." It was his duty to either grant or overrule the motion, thereby preserving the right of the defendant to appeal from an unfavorable ruling.

The State relies on *Bradford v. State*, 184 Tenn. 694, 202 S.W.2d 647 (1947) holding that when a defendant is a fugitive from justice while his motion for a new trial is pending, he waives his motion and also the right of appeal. The technical record reflects that we do not have this situation here. We think that if the defendant's attorney, without reasonable excuse, did not appear to make oral argument, then the

trial judge might have found that oral argument was waived, but not the motion itself.

We reverse the order of the trial judge dismissing the motion for a new trial for want of prosecution. The case is remanded to the Criminal Court of Shelby County. The trial judge is directed to either grant or overrule the defendant's motion for a new trial after considering it on its merits.

DWYER, P. J., and WALKER, J., concur.