**Charles Reagan CAMPBELL, Appellant,**

v.

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee.

Aug. 8, 1978.

Certiorari Denied by Supreme Court . Dec. 4, 1978.

Robert C. Newton, Bristol, for appellant.

Brooks McLemore, Jr., Atty. Gen., Robert L. DeLaney, Asst. Atty. Gen., Nashville, R. Jerry Beck, Asst. Dist. Atty. Gen., Kingsport, for appellee.

## OPINION

WALKER, Judge.

After an evidentiary hearing, the designated trial judge denied the petitioner's application for postconviction relief by which the petitioner seeks to have reinstated the period to apply for certiorari to our Supreme Court. From that order of dismissal,

the petitioner, Charles Reagan Campbell, appeals to this court.

Campbell is serving a 99-year sentence for first degree murder imposed in Sullivan County. On direct appeal, we affirmed the conviction in an unreported opinion of July 9, 1971. There was no petition for certiorari. Campbell escaped from prison on October 15, 1971, and was recaptured on March 1, 1976, after an absence of nearly four and one-half years.

After his return, Campbell brought this petition for postconviction relief, alleging that he had been denied his right to petition our Supreme Court for certiorari. He says that neither the attorney appointed to represent him at trial nor the attorney employed to handle the motion for new trial and appeal told him of his right to certiorari and that it was his understanding that his retained counsel had agreed to take the case to the state Supreme Court.

The state urges that the appellant has waived his right to seek further review of his conviction by his escape and resulting delay of more than six years in raising this attack on his conviction. The cases on which the state relies, however, are factually distinguishable from the one at bar. Each of them involved escape either pending a new trial motion or pending appeal. In such situations, the act of escape was, indeed, held to waive the right to appeal, the theory being that if a defendant is not in custody (or otherwise under the court's control) he cannot be made to comply with any order the court may issue. See *Bradford v. State*, 184 Tenn. 694, 202 S.W.2d 647 (1947); *Garrett v. State*, 534 S.W.2d 325 (Tenn.Cr.App.1975).

■ Unlike the defendants in these cases, Campbell was in custody throughout the time when his appeal was processed. He escaped in October 1971 following the affirmance of his conviction on July 9, 1971, after the 45-day period for applying for certiorari had lapsed in August and even after the maximum 90-day extension which a member of the Supreme Court, under TCA 16–452, may grant on application. Even in instances of escape, there is no waiver of the right to appeal so long as the defendant is in custody at the time the appeal is heard. *Knight v. State*, 190 Tenn. 326, 229 S.W.2d 501 (1950). For this reason, Campbell did not waive his right to petition for certiorari during the period when he could have petitioned for that writ as of right.

■ As for the delay in bringing this attack, the statute permits the filing of a petition by a prisoner in custody after exhaustion of his appellate remedies so long as the sentence has not yet expired or been fully satisfied. TCA 40–3802. Since Campbell's 99-year sentence has not expired and he has no appellate remedies presently available to him, the petition is not too late and deserves consideration.

In holding this result appropriate, we distinguish *Brown v. State*, 537 S.W.2d 719 (Tenn.Cr.App.1975), relied on by the state, in which we said that a fugitive from justice had waived his right to appeal and in which we also held the rule applicable to postconviction procedures. In *Brown*, the petitioner had fled while on bond pending his motion for new trial, and because of his flight, his motion for new trial was never filed or heard and no appeal was taken. By the time of his capture, the time for taking these steps in the appellate process had passed. Thus, *Brown* is factually distinguishable from Campbell's situation because Campbell was in custody at all times during the processing of his appeal. *See also Summerall v. State*, 560 S.W.2d 413 (Tenn.Cr.App.1977). Having determined that there was no waiver, we proceed to the merits of this petition.

■ Although appointed counsel was not relieved as of record when retained counsel was employed, it is clear that the appellant did not want him to take any further part in his appeal and that he had no further duties. Campbell does not claim that appointed counsel had any further responsibility.

Campbell's retained attorney was employed by Walter Minnick, a relative of the appellant. The retained counsel testified,

contrary to Campbell, that he was employed to represent him only through the first level appeal, which he had done. He was assisted by an office associate who was unavailable for the hearing and who had had no further contact with Campbell. After our affirmance, retained counsel wrote Campbell, advising his client that his professional opinion was that his best chances for release were by parole or pardon and admonishing him to be a model prisoner if he wanted to enhance his chances for relief by those channels. He did not mention to Campbell the possibility of petitioning for certiorari.

Even though retained counsel's contract with Campbell's relative was limited to the first level appeal, it is still necessary to inquire whether or not he had any duty to inform his client of his right to petition for certiorari. The record does not show that Campbell was ever told of that avenue of review, although it appears that counsel discussed that possibility with the relative before writing Campbell that he and the kinsman would seek a parole for him after a reasonable interval.

Under these circumstances, in accordance with the principles outlined in *Moultrie v. State*, 542 S.W.2d 835 (Tenn.Cr.App.1976), Campbell is entitled to petition for certiorari. Accordingly, we vacate our judgment of July 9, 1971, affirming the appellant's conviction, and re-enter it this date in order that the time to petition for certiorari may commence from today. Court appointed counsel on this appeal will prepare the petition for certiorari.

TATUM and DUNCAN, JJ., concur.