**Gary Stephen MAYES, Appellant,**

v.

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee, at Knoxville.

March 7, 1984.

Gary S. Mayes, pro se.

William M. Leech, Jr., Atty. Gen., Kimberly J. Dean, Asst. Atty. Gen., Nashville, William E. Dossett, Dist. Atty. Gen., Knoxville, for appellee.

WALKER, Presiding Judge.

## OPINION

Without response by the state, the appointment of counsel or an evidentiary hearing, the trial judge dismissed the inartfully drawn petition for postconviction relief of Gary S. Mayes.

The petitioner is serving a sentence rendered on May 12, 1978, in Knox County Criminal Court for six to 21 years in the

penitentiary for assault and battery with intent to commit rape. The judgment granted him credit for 51 days in jail for his custody from March 23, 1978.

The inartfully drawn petition was filed March 10, 1983, and essentially sought a delayed appeal from his conviction and sentence.

In papers filed in these proceedings, the petitioner has made numerous claims of ineffective representation of counsel; that counsel told him it would not be necessary to be present at the new trial motion. He says that counsel refused to appeal following his sentence on May 12, 1978, unless he was paid $2,500.

In this petition Mayes requested appointment of counsel but has had none in these proceedings.

The state filed no response.

On May 4, 1983, the trial judge dismissed the petition on the ground that the pleadings, files and records of the case show that the petitioner is entitled to no relief. T.C.A. 40–30–109(a). We note that this provision requires the petition to be competently drafted. In dismissing the petition, the court held that the petitioner waived his new trial motion and appeal as well as postconviction rights by fleeing and by failing to appear when his new trial motion was scheduled to be heard. The court relied on *Bradford v. State*, 184 Tenn. 694, 202 S.W.2d 647 (1947), and *Brown v. State*, 537 S.W.2d 719 (Tenn.Cr.App.1976).

In his order of dismissal, the trial judge ordered the clerk to make copies of the minutes and pleadings of the original conviction. They show that the jury returned its verdict in this case on July 21, 1977, but the trial judge did not sentence Mayes at that time. The motion for new trial was filed August 3, 1977; it was dismissed on October 7 with an order by Judge Balitsaris, the trial judge, saying that the defendant had failed to appear on three occasions, was a fugitive from justice and had abandoned his motion for a new trial. A conditional and final forfeiture were taken on Mayes' bond.

As before indicated, Mayes was returned to custody and judgment and sentence were entered on May 12, 1978.

In considering an inartfully drawn petition and remanding the case for a hearing, our supreme court in *Baxter v. Rose*, 523 S.W.2d 930 at 939 (Tenn.1975), said that allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers, and the test is whether it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

In *Haynes v. State*, 637 S.W.2d 467 (Tenn.Cr.App.1982), we were faced with an inartfully drawn petition which the trial judge had dismissed without appointment of counsel and without requiring a response from the state. We remanded for compliance with the salutary provisions of our postconviction procedure act for consideration of such claims.

In *Parton v. State*, 483 S.W.2d 753 (Tenn.Cr.App.1972), we directed attention to the imperative nature of the statute. In reiterating the mandatory duties of the officials, we said:

"The state filed no response to the petition in the trial court as required by the postconviction procedure act. In *Brown v. State*, Tenn.Cr.App. [1 Tenn. Cr.App. 462], 445 S.W.2d 669 (1969), we called attention to the importance of trial courts following the provisions of the act by requiring responsive pleadings and by making findings of fact and conclusions of law on all grounds presented with regard to each such ground in accordance with T.C.A. 40–3818.

·    ·    ·    ·    ·

"Trial courts should make it clear that responsive pleadings are expected as of course. The postconviction procedure act requires the clerk to forward a copy of the petition to the district attorney general when the petition is filed. Judicial action may be postponed until the respondent has filed a response and the petitioner has had time to reply. The

assistance of the district attorney general may be valuable to the trial judge, not only in understanding the nature and merit of the contentions, but also in bringing together the files and records in the case. It is necessary that the pleadings, files and records in the case which are before the court conclusively show that the petitioner is entitled to no relief before the trial court may order the petition dismissed. The record on which the trial judge bases his conclusions of law will facilitate appellate review. See A.B.A. Standards Relating to Postconviction Remedies, Sec. 4.2."

See also A.B.A. Standards for Criminal Justice, 2nd edition 1980, 22–4.2.

From the record here and the numerous allegations in the various papers filed by this pro se petitioner, we cannot determine whether any of his complaints involve constitutional deprivations.

This is a case where the trial court should have appointed counsel. If that had been done, then a properly prepared amended petition could have been filed setting forth the appellant's claims, documented by the necessary factual allegations.

Thus, we find that the trial court erred by not giving the petitioner a "reasonable opportunity, *with the aid of counsel,* to file an amended petition." T.C.A. 40–30–107. (emphasis added)

For the above reasons, we reverse the trial court's dismissal of this petition and remand the case to the trial court. Counsel will be appointed there for the petitioner and counsel may file an amended petition in compliance with the requirements of T.C.A. 40–30–104.

Also, we call the district attorney general's attention to T.C.A. 40–30–114 which requires a response on his part to the petitions, and we point out that under that section if the petitions do not include the records or transcripts that are material to the questions raised, then the duty falls on him to see that these items are included in the record. *Haynes v. State,* supra. Further, after the amended petitions, the state's responses, and all other pertinent pleadings and records are before the trial court, the court will grant an expeditious hearing, if the factual allegations so require. T.C.A. 40–30–109. Upon final disposition of the petitions, in any event, he will make the findings and conclusions on each ground presented as required by T.C.A. 40–30–118. *State v. Gilley,* 517 S.W.2d 7 (Tenn.1974); *Parton v. State,* supra. Any party that may be aggrieved by the trial court's rulings may then appeal to this court.

Reversed and remanded.

BYERS and SCOTT, JJ., concur.