George **FRENCH**, Appellant,

v.

**STATE of Tennessee, Appellee.**

Supreme Court of Tennessee, at Nashville.

Jan. 13, 1992.

Michele D. Collins, Woods & Venick, Nashville, for appellant.

Charles W. Burson, Atty. Gen. & Reporter, Bettye Springfield–Carter, James W. Milam, Asst. Attys. Gen., Nashville, for appellee.

OPINION

O'BRIEN, Justice.

The single determinative issue for review on this appeal of a denial of post-conviction relief concerns whether a convicted defendant who flees the jurisdiction and is later recaptured waives all rights to solicit post-conviction relief.

In 1982 petitioner, George French, along with two other males, was arrested and

charged with the armed robbery of a Nashville couple at their residence. The three co-defendants were indicted in 1983 and subsequently all three were convicted in a single jury trial. However, before the jury reported its verdict, the petitioner, George French, already on parole for a previous armed robbery conviction, fled the jurisdiction. The trial court's efforts to locate Mr. French were fruitless. The judge concluded that Mr. French's absence was voluntary and that he had waived his right to be present when the jury returned its verdict. The jury found Mr. French, and one co-defendant, guilty of two counts of armed robbery. The other co-defendant was found guilty of two counts of grand larceny. Due to his fugitive status, Mr. French was sentenced *in absentia*. He was found to be a Range II offender and sentenced to two 40 year terms, to be served consecutively, for a total of 80 years in the penitentiary. Since the petitioner was not in custody, no motion for new trial was filed on his behalf and his direct appeal was dismissed. Subsequently, after an absence of nearly two years, Mr. French was arrested in Louisville, Kentucky. He was returned to Tennessee on a Governor's Warrant and began serving his sentence in June of 1985. The post-conviction relief petition, now before this court, was filed in April of 1987. After extensive hearings on the issues presented by petitioner the trial judge found them to be without merit and denied relief.

On intermediate appeal, Mr. French presented two issues for review. By the first, it was contended that he did not receive effective representation at his original trial. On the second, it was charged the denial of a new trial was not based on the entire record. The state argued that Mr. French's petition should be dismissed on the authority of *Brown v. State*, 537 S.W.2d 719 (Tenn.Cr.App.1975), in which it was held that a defendant who flees the jurisdiction waives his right, not only to a motion for new trial and direct appeal, but also to his *right to post-conviction review.* The appellate court agreed with the state's argument and refused to consider the merits of the appeal. Instead the Court of Criminal Appeals affirmed the denial of the petition on the basis that the appellant waived all rights to post-conviction review by his flight from the jurisdiction prior to the conclusion of his trial. The appellate court cited *Brown,* supra, as the sole authority on which its opinion was predicated.

■ The *Brown* decision is an expansion by the Court of Criminal Appeals of the judgment of this Court in *Bradford v. State,* 184 Tenn. 694, 202 S.W.2d 647 (1947), which subscribed to the rule that a convicted defendant who becomes a fugitive while his appeal is pending waives his right to appeal and that such an appeal may be peremptorily dismissed. This rule is based on the premise that a defendant who escapes and becomes a fugitive from justice places himself beyond the control of the court and therefore waives his right to be heard either by himself or counsel. Further, a defendant's status as an escapee means that he cannot be made to respond to any judgment rendered by a court. Therefore, a court should not be required to give its time to proceedings which, for their effectiveness, demand the consent of an absent defendant. *Bradford,* supra, 202 S.W.2d at p. 648–49.

We are of the opinion that the *Brown* court went too far in applying the *Bradford* rule carte blanche to post-conviction cases. There have been a growing number of decisions of the Court of Criminal Appeals on this issue which are in conflict with each other, as well as others which, due to the nuances of the particular cases, have applied the rule incorrectly. As a result there has been no definitive analysis or any positive decision setting out the appropriate rule to follow.

In *Bradford,* when a properly filed motion for new trial came on to be heard, the defendant had absconded and was a fugitive from justice. The trial court entered an order dismissing the motion for new trial for want of prosecution. Counsel for the defendant, apparently on his own initiative, brought the matter to the Supreme Court on the theory that the trial court was without authority to dismiss the motion for new trial without defendant's consent.

This Court considered the matter and concluded that both the motion for new trial and the pending appeal should be dismissed because defendant's conduct was in legal effect an abandonment of the prosecution of his appeal and that by his own act he had waived the right to have his case considered and determined. *Bradford* was followed by *Knight v. State,* 190 Tenn. 326, 229 S.W.2d 501 (1950), in which the Court held, in substance, that where a defendant had escaped *after* appeal from his conviction for murder, but was in custody at the time of the consideration of his appeal, a motion to dismiss the appeal because of escape was to be denied. The Court found that *Bradford* was not applicable. We note that each of these cases preceded by many years the enactment of the Post–Conviction Procedure Act in this State.

In *Brown,* supra, the record shows that Brown's conviction occurred on 8 February 1974. He fled the jurisdiction prior to the time his new trial motion was filed or an appeal taken. He was apprehended several months later and began serving his sentence. A petition for post-conviction relief was filed. The trial judge found that the matters complained of in the petition were raised at trial and the failure to prosecute the new trial motion or appeal constituted a waiver. The Court of Criminal Appeals, recognizing *Bradford* for the proposition that a defendant who is a fugitive from justice while his appeal is pending has waived his right of appeal, went further and, on the strength of three unpublished opinions of that court, applied the rule to post-conviction cases and procedures as well. Without repeating citations to those cases, it suffices to say that each of them involved an application for a delayed appeal rather than assertion of a violation of a federal or state constitutional right. Therefore, the decision in *Brown* is not supported by the three cases cited.

In *Campbell v. State,* 576 S.W.2d 591 (Tenn.Cr.App.1978), the time had expired to effect an appeal and defendant's conviction had been affirmed by the Court of Criminal Appeals. He subsequently escaped from prison. After his recapture, some four years later, he filed a petition for post-conviction relief alleging he had been denied his right to petition this Court for certiorari. The Court of Criminal Appeals held that an escape does not result in a waiver of defendant's right to appeal so long as he is in custody at the time the appeal is heard. This Court denied certiorari.

In *Mayes v. State,* 671 S.W.2d 857 (Tenn. Cr.App.1984), a pro se post-conviction petition was filed, apparently seeking a delayed appeal from the petitioner's conviction and sentence. It was dismissed in the trial court because the defendant was a fugitive from justice and had abandoned his motion for a new trial at the time of his original conviction. He was in custody when the post-conviction proceeding was filed. The Court of Criminal Appeals reversed the trial court's dismissal of the petition and remanded the case for a hearing to determine whether any of petitioner's complaints involved *constitutional deprivations.*

 This case, essentially, involves the same elements and circumstances the court found in *Mayes,* supra. Mr. French was returned to custody after he fled the jurisdiction during his conviction trial proceedings. His post-conviction relief petition was filed after he was restored to custody. In the petition, he charged that, for various reasons, he received ineffective assistance of counsel at his conviction trial. The trial court appointed counsel and held extensive hearings on the petition and denied relief. Appellant's brief indicates that no motion for new trial was filed and his direct appeal was dismissed. Although it is not beyond the realm of possibility we think it highly unlikely that defendant's retained counsel at his conviction trial proceedings would write his own requiem on appeal, alleging his incompetence at trial. Ineffective assistance of counsel at trial is a constitutional issue which is the proper subject of a petition for post-conviction relief. While the right to a delayed appeal may also be brought by post-conviction proceedings in appropriate cases, a post conviction petition is not a vehicle to review errors of law as a substitute for a direct appeal. *See State v.*

*McClintock,* 732 S.W.2d 268, 272 (Tenn. 1987). Nor, is a convicted felon in escape status entitled to relief under the provisions of the Post–Conviction Procedure Act.

The defendant was entitled to have the Court of Criminal Appeals consider his appeal on the merits, and the case is remanded to that court for that purpose. The costs on appeal are assessed against the State.

REID, C.J., and DROWOTA, DAUGHTREY and ANDERSON, JJ., concur.