# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

SEPTEMBER 1997 SESSION

FILED

October 30, 1997

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | |
| | ) | |
| Appellee, | ) | C.C.A. No. 01C01-9610-CC-00437 |
| | ) | |
| vs. | ) | Rutherford County |
| | ) | |
| **CHRISTOPHER DANE MCBRIDE,** | ) | Honorable J.S. Daniels, Judge |
| | ) | |
| Appellant. | ) | (Motion for Reinstatement of |
| | ) | Probation) |

FOR THE APPELLANT:

WILLIAM A. OSBORNE
Assistant District Public Defender
201 W. Main St., Ste. 101
Murfreesboro, TN 37130

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General & Reporter

GEORGIA BLYTHE FELNER
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0493

WILLIAM WHITESELL
District Attorney General

DALE ROBINSON
Assistant District Attorney General
Judicial Bldg., Third Floor
Murfreesboro, TN 37130

OPINION FILED: _____

**AFFIRMED**

CURWOOD WITT
JUDGE

**OPINION**

The defendant, Christopher Dane McBride, appeals the Rutherford County Circuit Court's denial of his post-revocation motion for reinstatement of probation. Following guilty pleas to the crimes of DUI and driving on a suspended license, McBride was sentenced to 11 months, 29 days at 75 percent service, suspended in favor of 48 hours of confinement in the county facility, 17 months, 29 days probation, payment of costs and fines, and revocation of his driver's license for one year for DUI, and 6 months confinement at 75 percent, suspended in favor of probation of 17 months, 29 days on the same conditions imposed in the DUI conviction, for driving on a suspended license. The sentences were imposed consecutively. Thereafter, the defendant's probation was revoked when he failed to report to the Rutherford County Jail to serve his 48 hours of confinement. He was apparently ordered to serve the balance of his sentence in the county jail, and several weeks later he filed a "motion for probation," which the trial court denied after a hearing. In this appeal, he challenges the lower court's denial of that motion. On review, we affirm the court below.

We begin by noting the question of the propriety of the probation revocation and the procedures followed in that proceeding are not before us. Rather, the defendant has appealed only the court's subsequent denial of his "motion for probation." The defendant characterizes this action as a sentencing determination and urges us to consider the issue de novo,[1] as we would review a sentencing determination on direct appeal. On the other hand, the state characterizes the challenged action of the trial court as a probation revocation

---

[1]Our review of sentencing determinations is de novo, with or without a presumption of correctness, depending on whether the record affirmatively reflects that the trial court has considered the sentencing principles and all the relevant facts and circumstances. Tenn. Code Ann. § 40-35-401(d) (1990); State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

proceeding and counsels us to review the trial court's action for an abuse of discretion. See State v. Leach, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995). We do not wholly agree with either argument.

Tennessee Code Annotated section 40-35-306(c) grants the trial court the authority to revoke a split confinement sentence and impose a sentence in the local jail or workhouse upon a violation of probation. This section likewise allows defendants placed in periodic confinement pursuant to the section to make periodic applications for a grant of probation. Tenn. Code Ann. § 40-35-306(c) (1990). Although neither the record nor the parties' briefs acknowledge that the defendant was proceeding under this section in his "motion for probation," it is apparent that this is the applicable law. In determining how we shall review the issue before us, what we find controlling, and what neither party at bar has argued, is the appropriate standard of review for actions arising under this section of the Code.

Our research reveals no specific statutory directive as to the proper standard of review for determinations under section 40-35-306(c). Likewise, we find no decisional authority directly on point from this court or the supreme court. We are guided, however, by the standard of review applicable to motions for sentence reduction under Rule of Criminal Procedure 35, abuse of discretion. State v. Irick, 861 S.W.2d 375, 376 (Tenn. Crim. App. 1993); State v. Lance C. Hof, No. 01C01-9102-CR-00045 (Tenn. Crim. App., Nashville, Dec. 20, 1991), perm. app. dismissed (Tenn. 1992). Further, another panel of this court has at least implied that review for abuse of discretion is appropriate under section 40-35-306(c). See State v. Elbert Murfree Marable, Sr., No. 01C01-9512-CC-00436, slip op. at 6-7 (Tenn. Crim. App., Nashville, Apr. 3, 1997) (trial court "within its discretion" in requiring defendant to serve a year of his sentence before making a reapplication for probation under § 40-35-306(c)). It is a logical extension of the foregoing authorities to apply abuse

3

of discretion review to determinations under section 40-35-306(c). In so holding, we further note that such defendants have previously been afforded formal sentencing under the Sentencing Reform Act[2] and the right of appeal therefrom, at which time the sentence would have been subject to de novo review.

Turning to the case at bar, the defendant testified at the hearing on his motion for probation about his failure to serve the 48 hour incarcerative portion of his sentence and characterized this as poor judgment. He declared his intent to marry his girlfriend, with whom he has two children, maintain employment and live responsibly. He tendered a letter from a prospective employer who had agreed to interview him upon his release. He testified he turned himself in upon learning of the capias which was issued following his failure to report so that he might get the incident behind him. The defendant claimed he had learned his lesson from the time he had served. He told the court he would not drive under any circumstance and had arranged for transportation.

The order denying the application for suspended sentence reflects simply that the request was denied. The statement of the evidence, however, reflects that the court relied on the defendant's disregard of driving and traffic laws as evidenced by the specific data report prepared by probation personnel, the defendant's prior probation revocation, and the defendant's status as an habitual motor vehicle offender.

The defendant before us is but 26 years old, yet he has a lengthy criminal history dating back to the age of 10, which includes numerous motor

---

[2]Of course, a defendant may choose to waive his right to formal, judicial sentencing by accepting a settlement in which a determined sentence is part of the plea agreement.

**4**

vehicle offenses, eight of which are prior convictions for driving on a revoked or suspended license, multiple theft-related offenses and multiple alcohol and drug related offenses. He admitted a previous probation revocation, and he has previously committed offenses while on probation. The trial court had no reason to believe his testimony that his performance would improve and every reason to believe his anti-social lifestyle would continue, and it noted as much.[3] This is simply a case in which the defendant's actions speak louder than his words. His conduct in this case and his long history of non-compliance with the law and with the terms of other alternative sentences indicate further leniency is not likely to yield favorable results. As such, the trial court did not abuse its discretion in denying his motion for reinstatement of probation.

Next, the defendant urges for the first time on appeal that the trial court should have considered other forms of alternative sentencing. This issue, not raised below, is not properly before us. See Tenn. R. App. P. 36(a) ("relief may not be granted in contravention of the trier of fact").

Finally, we observe from a notation on the technical record that the defendant escaped from the workhouse the day after counsel filed a notice of appeal on his behalf. The record does not reflect whether the defendant was ever recaptured. In Tennessee, a defendant who escapes waives his right to direct appeal, French v. State, 824 S.W.2d 161 (Tenn. 1992), unless he is in custody at the time his appeal is considered by the appellate court. Knight v. State, 190 Tenn. 326, 229 S.W.2d 501 (1950); Campbell v. State, 576 S.W.2d 591 (Tenn. Crim. App. 1978). In appropriate circumstances, the state may make a motion for this court to

---

[3]In fact, the court's lack of confidence in the defendant proved prophetic, as evidenced by his subsequent escape from confinement. For purposes of our review, however, we have not considered the escape.

5

dismiss an escapee's appeal.  <u>See</u> Tenn. R. Ct. Crim. App. 7 (motions and orders); Tenn. R. App. P. 22 (motions); Tenn. R. App. P. 14 (consideration of post-judgment facts in the appellate court).  Because the state has not made such a request in this case and the defendant's present incarcerative status is unknown, we have not considered whether the defendant's appeal is subject to dismissal based upon his escape.

The judgment of the lower court is affirmed.


                          _____
                          CURWOOD WITT, JUDGE


CONCUR:


_____
GARY R. WADE, JUDGE


_____
THOMAS T. WOODALL, JUDGE