# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

### JANUARY, 1998 SESSION

FILED

March 23, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **TERRY T. LAMM,** | ) | No. 03C01-9702-CC-00073 |
| | ) | |
| Appellant, | ) | |
| | ) | Blount County |
| vs. | ) | |
| | ) | Honorable D. Kelly Thomas, Jr., Judge |
| | ) | |
| **STATE OF TENNESSEE,** | ) | |
| | ) | (Post-Conviction) |
| Appellee | ) | |

FOR THE APPELLANT:

KEVIN SHEPHERD
404 Ellis Ave.
Maryville, TN 37804

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General & Reporter

MICHAEL J. FAHEY, II
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0493

MICHAEL L. FLYNN
District Attorney General

PHILIP MORTON
Assistant District Attorney General
363 Court St.
Maryville, TN 37804

OPINION FILED: _____

**AFFIRMED**

CURWOOD WITT
JUDGE

**OPINION**

The petitioner, Terry T. Lamm, appeals pursuant to Rule 3 of the Tennessee Rules of Appellate Procedure from the Blount County Circuit Court's denial of post-conviction relief. In 1994, a jury found the petitioner guilty of leaving the scene of an accident, and the trial judge sentenced him to eleven months and twenty-nine days with sixteen days to be served on weekends or work release and the balance on probation. State v. Terry T. Lamm, No. 03C01-9401-CR-0030, slip op. at 2 (Tenn. Crim. App., Knoxville, October 6, 1995).[1] Lamm was free on bond while his conviction was on appeal. When this court found that the evidence was legally sufficient to sustain his conviction and affirmed the trial court's denial of full probation, he fled the jurisdiction. The capias was never served.

The Blount County Public Defender represented the defendant at trial and on appeal. After the conviction and sentence were affirmed, petitioner's family hired an attorney.[2] Defense counsel timely filed a petition for post-conviction relief alleging ineffective assistance of counsel in November, 1995. Attached to the petition was the affidavit of Donald Wes Dodson. Dodson, who was then incarcerated in Florida, admitted that he was driving Lamm's vehicle when the accident occurred and that he was the person who drove away from the scene. According to the affidavit, Lamm was not in the vehicle at the time of the accident. On June 26, 1996, the petitioner filed an affidavit in which he waived the right to appear at his post-conviction hearing. The trial court held a hearing on October 11, 1996. When the petitioner failed to appear, the trial judge, finding that it was neither reasonable nor appropriate to hear the petition without the petitioner present,

---

[1]The petitioner did not file an application for permission to appeal to the Tennessee Supreme Court.

[2]The record indicates that at the time of Lamm's indictment, Kevin Shepherd was employed as an assistant public defender. After representing Lamm in General Sessions Court, Shepherd began his own practice. Natalie Staats Hurley took over the case and was Lamm's defense attorney at trial and on direct appeal. Apparently, Lamm and his family then hired Mr. Shepherd to represent him in post-conviction proceedings.

2

refused to hear any testimony.  Although the trial judge did not remain in the courtroom, he allowed defense counsel to call his witnesses as an offer of proof.[3] On October 30, 1996, the trial judge entered the following order dismissing the petition:

> This cause came on the court's docket this date for a hearing for Post Conviction Relief.  The Court finds a material issue of fact exists that requires the testimony of the petitioner, i.e., the ineffective assistance of counsel.  The petition has been reset and the petitioner has failed to appear, being on the run from the execution of the jail sentence in the underlying case.  The petition is dismissed.

Although for different reasons, we affirm the dismissal of Lamm's petition for post-conviction relief.

In this appeal, the petitioner argues that the voluntary absence of a convicted misdemeanant from a hearing is not a ground for dismissing a petition for post-conviction relief.  He contends that a petitioner's presence at the post-conviction hearing is required by statute only when the petition raises substantial questions of facts as to events in which the petitioner participated.  Tenn. Code Ann. § 40-30-210(a) (1997).[4]  In this instance, defense counsel at the post-conviction hearing represented the petitioner in general sessions court and was able

---

[3]Because we find that the petitioner, who had voluntarily absented himself from the court's jurisdiction to avoid serving his sentence, had no right to file for post-conviction relief, we do not summarize the testimony presented at the hearing.

[4]This section provides:

> The petitioner shall appear and give testimony at the evidentiary hearing if such petition raises substantial questions of fact as to events in which the petitioner participated, unless the petitioner is incarcerated out of state, in which case the trial judge may permit the introduction of an affidavit or deposition of the petitioner and shall permit the state adequate time to file any affidavits or depositions in response the state may wish.  Tenn. Code Ann. § 40-30-210(a).

3

to testify as to the information he had given to the assistant public defender who assumed responsibility for the case at trial and on direct appeal. Since the petitioner was neither present at the accident nor involved in the discussions between the two attorneys, he argues that his presence was not required by law. The state, on the other hand, contends that the trial court could not resolve the issue of ineffective assistance of counsel without the presence of the petitioner and trial counsel.

We find it unnecessary to reach this issue. The true question is whether a person convicted of a misdemeanor who flees from the jurisdiction and remains at large is entitled to seek post-conviction relief. We found no Tennessee case precisely on point. However, after reviewing well-established principles of Tennessee law as they pertain to convicted felons, we conclude that persons who are convicted of any crime, felony or misdemeanor, and who voluntarily place themselves outside the reach of Tennessee courts, may not seek post-conviction relief as long as they refuse to submit to the proper authorities.

Tennessee courts have consistently applied the reasoning first adopted in Bradford v. State, 184 Tenn. 694, 202 S.W.2d 647 (1947). In Bradford, after a jury convicted the defendant of manslaughter, defense counsel filed a motion for new trial. On the day the motion was set for hearing, the defendant was not present and the trial court dismissed the motion "for want of prosecution." Bradford, 184 Tenn. at 695, 202 S.W.2d at 647. Although the defendant continued to be a fugitive from justice, defense counsel filed a notice of appeal. Id. Our supreme court affirmed the trial court's dismissal of the motion for new trial. The court reasoned that the situation was analogous to that where a convict escapes from custody while an appeal is pending. Bradford, 184 Tenn. at 696-97, 202 S.W.2d at 648. The general rule in those cases is that when a defendant becomes a fugitive from justice while his appeal is pending and is at large at the appointed time for the hearing of the appeal, "his appeal should peremptorily be dismissed on motion, on

4

the ground that he has thereby waived his right of appeal." Bradford, 184 Tenn. at 697, 202 S.W.2d at 648 (citations omitted).

The Bradford court found that the reasons for dismissing an appeal when the appellant had escaped were equally applicable to those on bond who fled after a motion for new trial had been filed. A motion for new trial, like an appeal, is not a prosecution brought by the state but a proceeding in error brought by the defendant himself. Bradford, 184 Tenn. at 696, 202 S.W.2d at 648 (citing Vowell v. State, 132 Tenn. 349, 361, 178 S.W. 768, 771(1915)). The court reasoned that

> [i]f a trial court should overrule the motion for a new trial, its order and judgment based thereon may never be enforced because the defendant by escaping has placed himself beyond the control of the court. He cannot be made to respond to any judgment which may be rendered in the case, assuming it could be rendered in his absence. Therefore, the trial court should not be required to give its "time to proceedings which, for their effectiveness, must depend upon the consent" of the defendant.

Bradford, 184 Tenn. at 698, 202 S.W.2d at 648-649. Therefore, our supreme court concluded that "the defendant by his own act has waived the right to have his motion for a new trial considered and determined. His conduct was in legal effect an abandonment of the prosecution of the motion." Id.

The holding in Bradford was clarified in Knight v. State, 190 Tenn. 326, 229 S.W.2d 501 (1950). In Knight, the defendant escaped from jail after his appeal had been perfected. Knight, 190 Tenn. at 327, 229 S.W.2d at 501. At the time the court heard the appeal, however, the defendant had been recaptured. Id. Because the defendant was again in custody, the supreme court denied the state's motion to dismiss the appeal. Id.; see also Campbell v. State, 576 S.W. 2d 591, 592 (Tenn. Crim. App. 1975); State v. Jerry Lewis Lipford, No. 36, slip op. at 3 (Tenn. Crim. App., Jackson, March 9, 1988).

A number of cases have considered the applicability of this rule to post-conviction cases. In Brown v. State, the defendant fled after filing a motion for

5

new trial. Brown v. State, 537 S.W.2d 719 (Tenn. Crim. App. 1975). Because of his flight, the motion was dismissed and no appeal was taken. Id. at 720. He was apprehended after the time for filing a direct appeal had expired, and when he filed a post-conviction petition, the trial court held that he had waived his right not only to a new trial motion and a direct appeal but also any right to a delayed appeal or relief under post-conviction procedure. Id.

The Tennessee Supreme Court, however, overruled Brown in French v. State, 824 S.W.2d 161 (Tenn. 1992). In French, the supreme court reiterated the rationale of Bradford that a defendant who places himself beyond the control of the court waives the right to be heard, and that a court is not required to give its time to proceedings when their effectiveness requires the consent of an absent defendant. Id. at 162. On the other hand, in those cases where the post-conviction petition is filed after the escaped prisoner has returned to custody, the defendant is entitled to have the petition considered on its merits. French, 824 S.W.2d at 163 (citations omitted). However, the court also held that "a post-conviction petition is not a vehicle to review errors of law as a substitute for a direct appeal. Nor is a convicted felon in escape status entitled to relief under the provisions of the Post-Conviction Procedure Act." Id. (emphasis added). This court followed the holding of French in Anderson v. State where it found that post-conviction procedure is available to those who have been returned to custody although a delayed appeal is not permissible. Anderson v. State, 835 S.W.2d 40, 42 (Tenn. Crim. App. 1992); see also Curtis v. State, 909 S.W.2d 465 (Tenn. Crim. App. 1995).

The law in Tennessee clearly requires that a petitioner who has escaped must return to custody before a post-conviction proceeding becomes available. The petitioner attempts to distinguish his situation in this case from those

6

in prior cases. He contends that since he is neither on escape status nor a convicted felon he is entitled to pursue a post-conviction petition in absentia. We disagree.[5]

Petitioner is correct when he states that he has not escaped from custody. When this court affirmed his conviction and sentence, he failed to turn himself in to serve his sentence. Therefore, he did not, literally, escape. Our law, however, has never distinguished between those who escaped from jail and those who absconded while on bail. Neither Tom Bradford nor George French were "escaped" convicts. Bradford jumped bail after filing a motion for new trial. Bradford, 184 Tenn. at 695, 202 S.W.2d at 647. French absconded shortly before the jury returned its guilty verdict. French, 824 S.W.2d at 162. The fact that they did not "escape" from custody was in no way determinative of the results. See also Mayes v. State, 671 S.W.2d 857 (Tenn. Crim. App. 1984) (defendant fled after motion for new trial); Calvin Shazel v. State, No. 03C01-9508-CC-00232 (Tenn. Crim. App., Knoxville, Nov. 20, 1996), state's perm. app. granted (Tenn. 1997) (defendant fled after counsel filed a motion to withdraw his guilty plea); State v. Gary S. Mayes, No. 1201 (Tenn. Crim. App., Knoxville, Apr. 14, 1989) (appellant fled while motion for new trial was pending); Fred Harlan Armes v. State, No.161 (Tenn. Crim. App. Knoxville, Jan. 26, 1988) (defendant fled upon bond revocation). In each case, the determinative factor is whether the defendant was in custody at the time the court considered the defendant's motion or post-conviction petition. French, 824 S.W.2d at 164; Bradford, 184 Tenn. at 697, 202 S.W.2d at 646; Mayes, 671 S.W.2d at 858; Calvin Shazel, slip op. at 8; Gary S. Mayes, slip op. at 2-3; Fred

---

[5]We also disagree with the state's contention that Lamm is "in custody" of the State of Tennessee for the purposes of the Post-Conviction Act. Tennessee Code Annotated section 40-30-202 allows "a person in custody under a sentence of a court of this state" to petition for post-conviction relief within a specified time limit. Although the phrase "in custody," has been interpreted to include those who suffer from any possibility of restraint on liberty, see, e.g., Albert v. State, 813 S.W.2d 426 (Tenn. 1991); State v. McCraw, 551 S.W.2d 692 (Tenn. 1977), we do not believe that either the legislature or our supreme court intended to extend this broad interpretation of "in custody" to those who have voluntarily taken themselves outside the jurisdiction of the court.

<u>Harlan Armes</u>, slip op. at 5. Clearly, the rule of <u>French</u> is not limited to those who "escape" from custody. The specific facts surrounding this petitioner's voluntary flight have no effect on the availability of post-conviction relief. If a petitioner is a fugitive at the time of the hearing, the petition for post-conviction relief should be dismissed.

Petitioner also argues that he is entitled to pursue his claim because he was convicted of a misdemeanor rather than a felony. Although it is true that in every previous case the defendant was a convicted felon, we find no justification for excluding misdemeanants from the same rule. The reasoning of <u>Bradford</u> as reaffirmed in <u>French</u> applies to misdemeanants as well as felons. One convicted of a crime who places himself beyond the control of a court waives the right to have that court hear his petition for post-conviction relief. <u>French</u>, 824 S.W.2d at 163 (citing to <u>Bradford v. State</u>, 184 Tenn. 694, 202 S.W.2d 647 (1947)). As a fugitive, the petitioner in this case cannot be made to respond to any judgment or court order. Therefore, a court should not be required to give its time to proceedings that may well be ineffective due to the absence of the petitioner. The fact that the petitioner in this instance was convicted of a misdemeanor rather than a felony is a distinction without a difference.

The petitioner in this case voluntarily absented himself from the court's jurisdiction to avoid serving his sentence. He was at large at the time of his post-conviction hearing, and he remains a fugitive today so far as this court can discern. Under these circumstances, he is not entitled to seek post-conviction relief. The trial court correctly dismissed Lamm's petition. The judgment is affirmed.

_____
CURWOOD WITT, Judge

CONCUR:

8

_____
GARY R. WADE, Judge


_____
JOSEPH M. TIPTON, Judge