
IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
February 14, 2017 Session

**DENNIS M. DYKES v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Grundy County**
**No. 4920        Justin C. Angel, Judge**

_____

**No. M2016-00845-CCA-R3-PC**

_____

Petitioner, Dennis M. Dykes,[1] appeals from the dismissal of his petition for post-conviction relief. After a review, we determine Petitioner waived his issues by failing to present them on direct appeal. As a result, the judgment of the Circuit Court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which THOMAS T. WOODALL, P.J., and ROBERT W. WEDEMEYER, J., joined.

Robert T. Carter, Tullahoma, Tennessee (on appeal), and Dennis M. Dykes, Tracy City, Tennessee, Pro Se (at trial) for the appellant, Dennis M. Dykes.

Herbert H. Slatery III, Attorney General and Reporter; Sophia S. Lee, Senior Counsel; Mike Taylor, District Attorney General; and David L. Shinn, Jr., Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Petitioner was indicted by the Grundy County Grand Jury in July of 2012 for aggravated assault in case number 4920. Petitioner represented himself at trial despite repeated admonition from the trial court about proceeding pro se. Petitioner signed an acknowledgement of his rights and waiver of the right to have an attorney.

_____

[1] The technical record contains a discrepancy with regard to Petitioner's middle initial. The indictment and judgment indicate his middle initial is "M," and the petition for post-conviction relief indicates the middle initial is "C." For consistency, we will utilize the middle initial as stated in the indictment.

The incident that gave rise to the indictment and trial occurred in November of 2011 after one of the victim's dogs attacked one of Petitioner's dogs. As a result of the dog fight, Petitioner incurred several thousand dollars in bills for the veterinary care of his dog, requested that the victim pay for the veterinary care, and allegedly threatened the victim with a shotgun when he refused to pay.[2] After a jury trial, Petitioner was found guilty of the lesser included offense of reckless endangerment with a deadly weapon, a class E felony. Petitioner was also assessed a $3000 fine. After a sentencing hearing, Petitioner was sentenced to two years as a Range I, standard offender. The sentence was suspended to supervised probation. The judgment was entered on March 11, 2015. Petitioner did not file a notice of appeal.

On June 6, 2015, Petitioner filed a pro se petition for post-conviction relief. In the preprinted form provided in the appendix to Rule 28 of the Tennessee Supreme Court Rules, Petitioner indicated that the grounds for the petition included the following: (1) his conviction was based on action of a grand or petit jury that was unconstitutionally selected and impaneled; (2) newly discovered evidence; and (3) other grounds. After the filing of the pro se petition, an affidavit and warrant were filed for an alleged violation of probation in case number 4920. The affidavit accompanying the warrant stated that the Grundy County Grand Jury indicted Petitioner in July 2015 on two counts of forgery.

On January 11, 2016, Petitioner filed an amended petition for post-conviction relief. This amended petition alleged that Petitioner's right to a fair trial was violated because Petitioner was subject to a "pat down" in "full view of the venire and the ultimate jury." The petition also alleged that he was "deprived of the right to be tried before an untainted jury" because two additional jurors who were not listed in the original jury panel appeared before the court. Petitioner alleged that one of those jurors was the wife of an agent for the Tennessee Bureau of Investigation, who had investigated Petitioner for the crimes for which he was on trial. Petitioner alleged that, had he known of this potential juror's background, he would have exercised a challenge to this juror.

The post-conviction court held a hearing on the petition. At the hearing, Amy Kilgore testified that she was a member of the jury venire in the courtroom on the day Petitioner's trial was scheduled to start. She did not ultimately get placed on the jury. Ms. Kilgore saw a police officer pat-down Petitioner in the courtroom. There were not many people present in the courtroom at the time, and she could not recall if any of the jurors who were later chosen to sit on the jury witnessed the pat-down.

---

[2] At trial, the testimony of the victim and Petitioner was contradictory. Petitioner admitted that he had a gun with him when he confronted the victim but testified that he did not point it at the victim. The victim, on the other hand, claimed that Petitioner pointed the gun at him and threatened him.

Likewise, Deputy Danice Taylor testified that she was present in the courtroom on the day of Petitioner's trial. Deputy Taylor performed the pat-down of Petitioner for weapons but did not recall if the pat-down was for trial or some other unspecified reason because Petitioner had "been [in the courtroom] so much." Deputy Taylor could not remember who ordered the pat-down or how many people were present at the time. The trial judge was not present at the time the pat-down was performed.

Petitioner testified that Deputy Taylor performed the pat-down near the corner of the jury box but admitted that he was unaware if anyone who saw the pat-down ultimately ended up on the jury. Petitioner reviewed the list of the people in the jury pool and testified that four people on the list saw the pat-down. Other than Ms. Kilgore, who did not actually sit on the jury, Petitioner admitted that he did not call any of the others to testify at the post-conviction hearing. Petitioner did not object to the pat-down at trial and did not complain to the trial court about the procedure.

In addition to the pat-down, Petitioner testified that he was prejudiced because the wife of an agent for the Tennessee Bureau of Investigation served as a juror on his trial but was not on the jury pool list. Petitioner did not learn about this juror and her relationship to the agent until four months after trial.

Petitioner acknowledged that he did not file a written motion for new trial and testified that he attempted to perfect a direct appeal of his conviction but that he "didn't do it right, [he] sent it to the wrong place, and it caused it to be out of time . . . [and he] couldn't get it back to 'em." He claimed that he "made a mistake" because he "sent it directly to [the appellate court]."[3]

At the conclusion of the hearing, the post-conviction court made lengthy oral findings from the bench. The post-conviction court remembered the case "very distinctly" because he "begged" Petitioner to utilize the services of a "free lawyer" rather than representing himself. The post-conviction court did not "recall ordering a pat down" and surmised that it was "standard procedure to make sure a judge is protected whenever you're having a conversation with someone who's not an officer of the Court." The post-conviction court noted that Petitioner did not object to the pat-down and "never brought [it] up" to the court. The trial court noted that Petitioner did not dispute being at the location of the incident but only disputed "actually raising the shotgun and pointing it at the victim" and the jury ultimately "believed him" because they convicted him of the lesser included offense. The post-conviction court stated, Petitioner "can't prove at this time that anybody who was actually on the jury who returned the verdict actually saw the pat down or that it adversely affected their deliberation or their view point of the case."

---

[3] This Court was unable to locate any such filing in technical record.

Additionally, Petitioner failed to bring witnesses to the hearing that were allegedly on the jury but not on the pre-trial jury list and no one testified that there was "an adverse effect to the trial." Moreover, the post-conviction court noted that Petitioner failed to object to the inclusion of the jurors who were not previously included in the venire prior to trial. The post-conviction court concluded that Petitioner did not present any "colorable claim[s]." The post-conviction court entered a single-page, hand-written order stating the following:

> The post[-]conviction petition filed by [Petitioner] is dismissed due to:
>
> > (1) The "pat down" does not rise to level of a colorable claim and he waived the issue at trial.
> > (2) The jurors [sic] failed to present a colorable claim in issue of jury questionnaire and he waived issue at trial.
>
> Therefore, the post[-]conviction petition is dismissed.

Petitioner filed a timely notice of appeal on April 25, 2016.

*Analysis*

On appeal, Petitioner argues that the post-conviction court improperly dismissed the petition for post-conviction relief. Specifically, Petitioner insists that his right to an impartial jury was "abrogated" when he was subject to a pat-down in front of the jury venire prior to trial. Additionally, Petitioner claims he "had no opportunity to raise the issue in that he appeared pro se and could not articulate the objection" because the judge was not in the courtroom. Petitioner also states that he was unable to present the issue on direct appeal because he failed to properly perfect a direct appeal. As a result, Petitioner urges this Court to review the issue for plain error. Petitioner also claims that he had "no advance knowledge" of the juror's affiliation with the Tennessee Bureau of Investigation because the potential juror did not appear on the jury list. Petitioner insists that this amounted to constitutional error for which he is entitled to post-conviction relief.

Post-conviction relief is available for any conviction or sentence that is "void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." T.C.A. § 40-30-103. In order to prevail in a claim for post-conviction relief, a petitioner must prove his factual allegations by clear and convincing evidence. T.C.A. § 40-30-110(f); *Momon v. State*, 18 S.W.3d 152, 156 (Tenn. 1999). On appeal, this Court will review the post-conviction court's findings of fact "under a de novo standard, accompanied with a presumption that those

- 4 -

findings are correct unless the preponderance of the evidence is otherwise." *Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001) (citing Tenn. R. App. P. 13(d); *Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997)). This Court will not re-weigh or re-evaluate the evidence presented or substitute our own inferences for those drawn by the trial court. *Henley*, 960 S.W.2d at 579. Questions concerning witness credibility, the weight and value to be given to testimony, and the factual issues raised by the evidence are to be resolved by the post-conviction court. *Momon*, 18 S.W.3d at 156 (citing *Henley*, 960 S.W.2d at 578). However, the post-conviction court's conclusions of law and application of the law to the facts are reviewed under a purely de novo standard, with no presumption of correctness. *Fields*, 40 S.W.3d at 458.

Here, Petitioner admitted that he failed to properly file a direct appeal from his conviction. Tennessee Code Annotated section 40-30-106(g) states that "[a] ground for relief is waived if the petitioner personally or through an attorney failed to present it for determination in any proceeding before a court of competent jurisdiction in which the ground could have been presented." There are exceptions to the rule for situations where a claim arises out of a constitutional right not recognized as existing at the time of trial that requires retroactive application or where the failure to present the claim was the result of unconstitutional state action. *see* T.C.A. § 40-30-106(g)(1), (2). Petitioner does not allege that his claims fit within either of these exceptions. Moreover, it is well-settled that "[a] post-conviction petition is not a vehicle to review errors of law as a substitute for direct appeal." *French v. State*, 824 S.W.2d 161, 163 (Tenn. 1992). In fact, when a petitioner had the opportunity to present issues on direct appeal and failed to do so, those issues are deemed waived. *Bobby J. Croom v. State*, No. W2015-01000-CCA-R3-PC, 2016 WL 690689, at *7 (Tenn. Crim. App. Feb. 19, 2016) (citing *Dedrick Lamont Patton v. State*, No. M2009-01472-CCA-R3-PC, 2010 WL 1425569, at *9-10 (Tenn. Crim. App. Apr. 9, 2010), *no perm. app. filed*), *perm. app. denied* (Tenn. June 24, 2016). The fact that Petitioner chose to represent himself at trial does not entitle him to another bite at the apple. He "personally" failed to present the issues for review by failing to object to the pat-down prior to trial and failing to object to the inclusion of unknown jurors in the venire. T.C.A. § 40-30-106(g). Petitioner also failed to raise the issues on direct appeal.

Despite his acknowledgment of his failure to perfect an appeal, Petitioner urges this Court to review his issues for plain error. We decline to do so as plain error does not apply to issues in post-conviction proceedings that have been waived or previously determined. *Grindstaff v. State*, 297 S.W.3d 208, 219 (Tenn. 2009). Petitioner is not entitled to relief.

*Conclusion*

For the foregoing reasons, the judgment of the post-conviction court is affirmed.

_____
TIMOTHY L. EASTER, JUDGE