IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 12, 2003

## WILLIE TOM ENSLEY v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 85-W-584      Walter C. Kurtz, Judge**

_____

**No. M2002-01609-CCA-R3-PC - Filed April 11, 2003**

_____

The petitioner, Willie Tom Ensley, appeals the trial court's denial of his post-conviction petition requesting DNA analysis. The issue presented for review is whether the trial court erred by summarily dismissing the petition without the appointment of counsel, an opportunity to amend, or an evidentiary hearing. The judgment is reversed and the cause is remanded for further proceedings.

**Tenn. R. App. P. 3; Judgment of the Trial Court Reversed**

GARY R. WADE, P.J., delivered the opinion of the court, in which JOSEPH M. TIPTON and THOMAS T. WOODALL, JJ., joined.

Willie Tom Ensley, Mountain City, Tennessee, pro se.

Paul G. Summers, Attorney General & Reporter; Angele M. Gregory, Assistant Attorney General; and Tom Thurman, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

In 1986, the petitioner was convicted of first degree murder and aggravated rape. The trial court imposed consecutive sentences of life and 27.5 years, respectively. This court affirmed on direct appeal. See State v. Willie Tom Ensley, No. 86-65-III (Tenn. Crim. App., at Nashville, Apr. 7, 1987). Application for permission to appeal was denied by our supreme court on June 29, 1987. Later, the petitioner filed his first petition for post-conviction relief alleging ineffective assistance of counsel. The trial court denied relief and this court affirmed on direct appeal. See Willie Tom Ensley v. State, No. 01C01-9010-CC-00246 (Tenn. Crim. App., at Nashville, Feb. 26, 1991). Application for permission to appeal to the supreme court was denied on June 17, 1991. In 2000, the petitioner filed a petition for writ of habeas corpus alleging that each of the indictments was insufficient. The trial court denied relief and this court affirmed. See Willie Tom Ensley v. Howard Carlton, Warden, et al., No. E2002-00878-CCA-R3-PC (Tenn. Crim. App., at Knoxville, Oct. 21, 2002). On February 18, 2003, our supreme court denied application for permission to appeal.

On May 6, 2002, the petitioner filed a second post-conviction petition, asserting his innocence of the rape and murder and asking for a DNA (deoxyribonucleic acid) analysis of certain evidence under the Post-Conviction DNA Analysis Act of 2001. Upon the filing of the petition, the trial court ordered the state to "preserve, if it presently exists, all evidence that could be subjected to DNA analysis." See Tenn. Code Ann. § 40-30-409. The state was directed to respond within 20 days. Although the state failed to respond as ordered, the trial court dismissed the petition, holding that the "skeletal allegation" in the petition was insufficient to establish a reasonable probability that a DNA analysis would yield more favorable results.

In this appeal, the petitioner claims that the trial court erred by summarily dismissing the petition, by failing to appoint counsel or allow amendments, and by failing to grant an evidentiary hearing. The state argues that the petitioner failed to specify the evidence to be tested and that the evidence at trial was so overwhelming that a favorable DNA analysis would not be helpful.

The Post-Conviction DNA Analysis Act of 2001 provides as follows:

[A] person convicted and sentenced for the commission of first degree murder, second degree murder, aggravated rape, rape, aggravated sexual battery or rape of a child, the attempted commission of any of these offenses, any lesser included offense of these offenses, or, at the discretion of the trial judge, any other offense, may at any time file a petition requesting the forensic DNA analysis of any evidence that is in the possession or control of the prosecution, law enforcement, laboratory, or court and that is related to the investigation or prosecution that resulted in the judgment of conviction and that may contain biological evidence

Tenn. Code Ann. § 40-30-403. There is no statute of limitation. Id. By the terms of the Act, trial courts, after affording the prosecution the opportunity to respond, are obligated to order DNA analysis when the petitioner satisfies the following conditions:

(1) A reasonable probability exists that the petitioner would not have been prosecuted or convicted if exculpatory results had been obtained through DNA analysis;

(2) the evidence is still in existence and in such a condition that DNA analysis may be conducted;

(3) the evidence was never previously subjected to DNA analysis or was not subjected to the analysis that is now requested which could resolve an issue not resolved by previous analysis; and

(4) the application for analysis is made for the purpose of demonstrating innocence and not to unreasonably delay the execution of sentence or administration of justice.

Tenn. Code Ann. § 40-30-404. Although our statute does not explicitly require that the petitioner show that identity was an issue, similar statutes in other states do. See, e.g., 725 Ill. Comp. Stat. Ann. 5/116-3(b)(1) ("The defendant must present a prima facie case that . . . identity was the issue in the trial[.]"); Tex. Code Crim. Pro. art. 64.03(a)(1)(B) ("A convicting court may order forensic

DNA testing under this chapter only if the court finds that . . . identity was or is an issue in the case[.]"). Further, Tennessee Code Annotated section 40-30-405 provides that if DNA analysis would have produced a more favorable verdict or a more favorable sentence, trial courts "may" order it when the petitioner satisfies the same conditions.

In this instance, the petitioner argues that the facts in his case meet the statutory criteria mandating DNA analysis. His petition includes a claim of innocence, allegations that a specimen exists, and a request for analysis. He submits that trial courts must order DNA testing when the results of the analysis would have precluded prosecution or conviction. See Tenn. Code Ann. § 40-30-404. The petitioner also points out that the statute permits the trial court to appoint counsel upon a showing of indigence. See Tenn. Code Ann. § 40-30-407.

Several states other than Tennessee have adopted statutes regarding post-conviction DNA analysis[1] and there are reported cases interpreting those statutes in Illinois, Florida, and Texas. See Zollman v. State, 820 So.2d 1059 (Fla. Dist. Ct. App. 2002); People v. Stevens, 733 N.E.2d 1283, 1285-86 (Ill. App. Ct. 2000), appeal denied, 755 N.E.2d 482 (Ill. 2001); Rivera v. State, 89 S.W.3d 55 (Tex. Crim. App. 2002). Currently, there are only two cases interpreting the Tennessee Act. See Reginol L. Waters v. State, No. M2002-01712-CCA-R3-CO (Tenn. Crim. App., at Nashville, Mar. 14, 2003); Shaun Lamont Hereford v. State, No. E2002-01222-CCA-R3-PC (Tenn. Crim. App., at Knoxville, Nov. 13, 2002).

In Shaun Lamont Hereford, the trial court summarily denied post-conviction DNA analysis, concluding that the petitioner had failed to state any factual basis for his claim. In Hereford, the petitioner was convicted of burglary and theft, both of which are offenses for which the trial court "may" order post-conviction testing. The trial court specifically found that because many of Hereford's convictions were based upon guilty pleas and stipulated facts, no relief was warranted. This court determined that the trial court, under these circumstances, did not abuse the discretionary authority granted by the statute. No application for permission to appeal was filed. This case is different, of course, in that each of the petitioner's offenses, murder and rape, are among those crimes for which an analysis is required when the statutory prerequisites are met. See Tenn. Code Ann. §§ 40-30-403, -404. Further, neither of the petitioner's convictions was the result of a guilty plea or was based upon stipulated facts. In Reginol L. Waters, a panel of this court concluded that a pending direct appeal of the underlying conviction did not preclude a petition for DNA analysis under the terms of our act.

Resolution of the issues presented here depends primarily upon our interpretation of the terms of the 2001 Act. The cardinal rule of statutory construction is to effectuate legislative intent; all rules of interpretation are to that end. Browder v. Morris, 975 S.W.2d 308, 311 (Tenn. 1998). The meaning of a statute is to be determined not from specific words in a single sentence or section but

---

[1]Arizona, Arkansas, California, Delaware, Idaho, Illinois, Indiana, Kansas, Kentucky, Louisiana, Maine, Maryland, Michigan, Minnesota, Missouri, Nebraska, New Jersey, New Mexico, North Carolina, Oklahoma, Pennsylvania, Rhode Island, Texas, and Utah have adopted post-conviction DNA analysis statutes.

from the act in its entirety in light of the general purpose of the legislation; any interpretations should express the intent and purpose of the legislation. National Gas Distrib., Inc. v. State, 804 S.W.2d 66, 67 (Tenn. 1991); Loftin v. Langsdon, 813 S.W.2d 475, 478-79 (Tenn. Ct. App. 1991). Statutes are to be construed with reference to pre-existing law and do not change such law further than the express terms or the necessary implications. Harman v. Moore's Quality Snack Foods, Inc., 815 S.W.2d 519, 523 (Tenn. Ct. App. 1991).

Our relatively new act provides an additional method of relief to those who assert that they have been wrongfully convicted of a crime. Trial courts, practically speaking, must be afforded considerable discretion. Consequently, the scope of appellate review is limited. In our view, the terms of the act require that trial courts consider all the evidence available, including the evidence at trial and/or any stipulations of fact by the petitioner or his counsel and the state. In addition, the opinions of this court on either the direct appeal of the conviction or the appeals in any previous post-conviction or habeas corpus actions may provide some assistance. These sources provide the essential facts of the crime at issue and may be helpful to trial courts in their assessment of the merits of any claim.

In this instance, the victim, Brenda Mefford Cotten, was stabbed to death on November 18, 1984. Her body, unclothed, was found in a wooded area of Percy Priest Lake and contained abrasions about the knees and shoulders. She had been last seen with the petitioner several hours before the discovery of the body. At that time, the petitioner wore a large knife on his belt and had announced his intention to have sex with the victim. Sperm was found in the vagina of the victim, indicating sexual intercourse within 48 hours of her death. According to a jail inmate, David Hall, the petitioner admitted that he had raped and murdered the victim. At trial, the petitioner denied culpability and challenged the credibility of Hall.

Here, the order of dismissal was based upon the trial court's conclusion that the pleading should have been "detailed enough" to establish "at least" a reasonable probability that the petitioner has been wrongfully convicted. The plain language of the act does not, however, require specificity. Its terms authorize the filing of a petition for DNA analysis of any biological evidence in the possession of the prosecution, law enforcement, laboratory, or any court. See Tenn. Code Ann. § 40-30-403. The Act is specifically designed for those convicted of certain offenses, including murder and rape, and the testing, by the terms of section 40-30-404, is mandatory when the petitioner satisfies the qualifying criteria.

While a summary proceeding appears to be contemplated under the Tennessee act and, in fact, meets the approval of the courts of other states interpreting their own statutes, see, e.g., Stevens, 733 N.E.2d at 1285-86, our General Assembly has established an entitlement to analysis for those individuals found guilty of certain enumerated crimes primarily upon the allegation that they would not have been prosecuted or convicted if DNA analysis of biological evidence proved exculpatory.

Although the trial court must be afforded discretion[2] in determining the facts, it is our view that the petition need only establish a prima facie case, the basic allegations addressing the qualifying criteria, to instigate a factual assessment. See Tenn. Code Ann. § 40-30-303. The act contemplates a response by the state. See Tenn. Code Ann. § 40-30-404. That would generally be helpful.

Some cases under the Tennessee Post-Conviction Procedure Act may provide some procedural guidance. Typically, pro se petitions have been held to less stringent standards than those drafted by lawyers. Baxter v. Rose, 523 S.W.2d 930, 939 (Tenn. 1975). Upon the presentation of a colorable claim in the pro se petition, summary dismissal is not usually warranted. See, e.g., Mayes v. State, 671 S.W.2d 857, 858 (Tenn. Crim. App. 1984). Only when the trial judge may conclusively find from the contents of the petition that the petitioner is not entitled to relief is a summary dismissal proper. Swanson v. State, 749 S.W.2d 731 (Tenn. 1988); Givens v .State, 702 S.W.2d 578, 580 (Tenn. Crim. App. 1985). That rationale may apply here.

Because there was not sufficient evidence upon which to make a factual finding about the existence of the statutory criteria, and because the state failed to file a response denying that the petitioner was entitled to relief, the trial court, in our view, overstepped its discretionary authority by summarily dismissing the petition. The evidence at trial established that sperm was collected from the vagina of the victim. Thus, a human biological specimen was available at least at the time of trial. Consideration of the other factors is necessary. The judgment is, therefore, reversed and the cause is remanded for an answer by the state and a determination as to whether each of the four statutory criteria has been met. Because the petitioner was convicted of two of the statutorily enumerated crimes for which the act was designed, a DNA analysis must be ordered if each of the qualifying criteria is established. Costs are adjudged against the state.

_____
GARY R. WADE, PRESIDING JUDGE

---

[2]On matters of discretion, an appellate court will not reverse unless the judgment is not supported by substantial evidence. State v. Hollingsworth, 647 S.W.2d 937, 938 (Tenn. 1983).