# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### FEBRUARY, 1998 SESSION

**FILED**

**March 25, 1998**

**Cecil W. Crowson**
**Appellate Court Clerk**

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | No. 01C01-9705-CC-00181 |
| | ) | |
| Appellee, | ) | |
| | ) | Rutherford County |
| vs. | ) | |
| | ) | Honorable J. S. Daniel, Judge |
| | ) | |
| **ROBERT LEE MALLARD,** | ) | (Simple Possession of Cocaine, |
| | ) | Possession of Drug Paraphernalia) |
| Appellant. | ) | |

FOR THE APPELLANT:                    FOR THE APPELLEE:

JEFF BURTON                                   JOHN KNOX WALKUP
Asst. Public Defender                      Attorney General & Reporter
201 West Main
Suite 101, Court Square Bldg.        GEORGIA BLYTHE FELNER
Murfreesboro, TN 37130                      Counsel for the State
                                                          Criminal Justice Division
                                                          450 James Robertson Parkway
                                                          Nashville, TN 37243-0493

                                                          WILLIAM C. WHITESELL, JR.
                                                          District Attorney General

                                                          DALE ROBINSON
                                                          Assistant District Attorney General
                                                          3rd Floor, Judicial Building
                                                          Murfreesboro, TN 37130

OPINION FILED: _____

**AFFIRMED PURSUANT TO RULE 20**

CURWOOD WITT
JUDGE

**OPINION**

Robert Lee Mallard, the defendant, appeals from his convictions in the Rutherford County Circuit Court for simple possession of a controlled substance (cocaine) and possession of drug paraphernalia for which he received concurrent sentences of eleven months and twenty-nine days. At the time of sentencing, he had served approximately 110 days, and the trial judge immediately placed him on supervised probation. In this appeal, the defendant contends that the evidence in the record is insufficient to support his convictions beyond a reasonable doubt.[1]

When reviewing the sufficiency of the evidence we must consider the evidence in the light most favorable to the state. State v. Evans, 838 S.W.2d 185, 190-191 (Tenn. 1992), citing Jackson v. Virginia, 443 U.S. 307, 99 S. Ct. 1781 (1979). We must afford the state the strongest legitimate view of the proof as well as all reasonable and legitimate inferences which may be drawn from the evidence. Evans, 828 S.W.2d at 191. Questions concerning the credibility of the witnesses are resolved by the trier of fact. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978).

In this case, the evidence demonstrates that the defendant had in his possession both the crack cocaine and the paraphernalia for smoking it. A Murfreesboro police officer noticed the defendant standing on a street corner in an area noted for drug trafficking. The officer continued his observation for forty minutes and finally decided to make an investigative stop. During the course of the stop, the officer discovered a bag containing several lighters, a glass tube, an eye-glass temple, a Brillo pad and a small rock of crack cocaine in a folded dollar bill. At trial, the jury accredited the officer's testimony and obviously did not believe the defendant's explanations.[2] We find that the evidence presented at trial is legally sufficient to support the defendant's convictions. Jackson v.

---

[1] The record indicates that the defendant fled sometime between the filing of the judgment and the hearing on his motion for new trial. The record on appeal does not indicate that he has been returned to custody. The general rule in those cases is that when a defendant becomes a fugitive from justice while his appeal is pending and is at large at the appointed time for the hearing of the appeal, "his appeal should peremptorily be dismissed on motion, on the ground that he has thereby waived his right of appeal." French v. State, 824 S.W.2d 161, 162 (Tenn. 1992); Bradford v. State, 184 Tenn. 694, 202 S.W.2d 647 (1947). Since the state has not raised this issue, we do not address it here.

[2] The defendant testified that he found the folded dollar bill and didn't know about the cocaine. He said that he refilled used lighters and sold them to earn money and that the other items were part of a new filter he was developing for industry.

2

Virginia, 443 U.S. 307, 317, 99 S.Ct. 2781, 2789; State v. Cazes, 875 S.W.2d 253, 259 (Tenn. 1994); Tenn. R. App. P. 13(e).

Therefore, after thoroughly reading the record and the briefs and after giving careful consideration to the law governing the issue presented for review, we affirm the judgment of the trial court pursuant to Rule 20, Tennessee Court of Criminal Appeals.

_____
CURWOOD WITT, Judge

CONCUR:

_____
GARY R. WADE, Judge

_____
WILLIAM M BARKER, Judge

3