IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs October 2, 2001

## STATE OF TENNESSEE v. DARRELL J. DUFRENE

**Direct Appeal from the Circuit Court for Hardin County**
**No. 7963      C. Creed McGinley, Judge**

---

**No. W2000-03129-CCA-R3-CD - Filed December 7, 2001**

---

The defendant, Darrell J. Dufrene, entered a plea of guilt to one count of theft over $1,000.00 but less than $10,000.00, a Class D felony.  Pursuant to a plea agreement, the trial court set the defendant's sentence at three years and scheduled an alternative sentencing hearing.  The defendant failed to appear at the hearing and the trial court ordered a term of incarceration.  In this appeal of right, the defendant asserts that the trial court erred by failing to order either probation or community corrections.  Because, however, the defendant remains on escape status, the appeal is dismissed.

**Tenn. R. App. P. 3; Appeal Dismissed**

GARY R. WADE, P.J., delivered the opinion of the court, in which JOSEPH M. TIPTON and ROBERT W. WEDEMEYER, JJ., joined.

Richard W. DeBerry, Assistant District Public Defender, for the appellant, Darrell J. Dufrene.

Paul G. Summers, Attorney General & Reporter; John H. Bledsoe, Assistant Attorney General; and John W. Overton, Jr., Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On either March 20 or March 21, 2000, the defendant entered the residence of Mildred White in Savannah and stole a rifle valued in excess of $1,000.00.  A grand jury indicted the defendant for aggravated burglary and theft over $1,000.00 but less than $10,000.00.  As part of the plea agreement, the state dismissed the charge of aggravated burglary.  The Board of Probation and Parole conducted a presentence investigation prior to the sentencing hearing.

Although his counsel was present, the defendant, who was on bail, did not appear on the date scheduled for the alternative sentencing hearing.  The trial court overruled defense counsel's motion for a continuance, entered a conditional forfeiture of the defendant's bond, and conducted a hearing.  Although the state offered no proof aside from the presentence investigation, the trial court imposed a sentence of incarceration, determining from the presentence report that the defendant had a prior

criminal record of misdemeanors and finding that the defendant had forfeited bail sometime earlier in Louisiana on an unrelated charge. The trial court also issued a capias for the defendant's arrest. According to court records, he is still at large.

In this appeal, the defendant argues that the trial court should have granted either probation or a community corrections sentence. The record reflects, however, that the defendant "currently has an outstanding capias." In Tennessee, a defendant who escapes waives his right to direct appeal unless he is in custody at the time his appeal is considered. Bradford v. State, 184 Tenn. 694, 202 S.W.2d 647 (1947); Knight v. State, 190 Tenn. 326, 229 S.W.2d 501 (1950); Campbell v. State, 576 S.W.2d 591 (Tenn. Crim. App. 1978). Because the defendant has been on escape status since the inception of this appeal and remains at large, he has forfeited direct review of his sentence by this court.

Accordingly, the appeal is dismissed.

_____
GARY R. WADE, PRESIDING JUDGE