IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs May 3, 2005

**STATE OF TENNESSEE v. FRANKIE SUE DEES**

**Appeal from the Circuit Court for Hardin County**
**No. 8353     C. Creed McGinley, Judge**

_____

**No. W2004-02109-CCA-R3-CD  - Filed July 26, 2005**

_____

The defendant, Frankie Sue Dees, pled guilty to one count of theft over $1,000.  The trial court imposed a Range I sentence of two years in the Department of Correction.  In this appeal, the defendant asserts that the trial court should have placed her on community corrections or full probation.  The judgment of the trial court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed**

GARY R. WADE, P.J., delivered the opinion of the court, in which DAVID H. WELLES and JOHN EVERETT WILLIAMS, JJ., joined.

Richard W. DeBerry, Assistant District Public Defender, for the appellant, Frankie Sue Dees.

Paul G. Summers, Attorney General & Reporter; Rachel E. Willis, Assistant Attorney General; and John Overton, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On June 8, 2004, the defendant entered a plea of guilty to one count of theft over $1,000. The conviction related to the defendant's theft of a personal computer and other items from a Wal-Mart Super Center in Savannah.  Pursuant to a plea agreement, the defendant received a Range I sentence of two years with the manner of service to be determined by the trial court.  When the defendant failed to appear at the sentencing hearing two months later, the trial court ruled that she had waived her right to be present and sentenced her in absentia to a prison term of two years.  The trial court denied alternative sentencing on the following grounds:

> Number one, her failure to appear in [c]ourt today, and second of all, the fact that she's got a substantial prior felony record.  So notwithstanding the fact that she would be presumptively eligible for alternative sentencing, the [c]ourt finds that, due to this previous felony record, that she is not entitled to alternative sentencing.

In this appeal, the defendant contends that the trial court erred by ordering a fully incarcerative sentence. She asserts that she should have been granted a sentence of community corrections or probation. The state submits that the defendant was statutorily ineligible for community corrections and that she failed to establish her suitability for full probation.

When there is a challenge to the length, range, or manner of service of a sentence, it is the duty of this court to conduct a de novo review with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991); see State v. Jones, 883 S.W.2d 597, 600 (Tenn. 1994). "If the trial court applies inappropriate factors or otherwise fails to follow the 1989 Sentencing Act, the presumption of correctness falls." State v. Shelton, 854 S.W.2d 116, 123 (Tenn. Crim. App. 1992). The Sentencing Commission Comments provide that the burden is on the defendant to show the impropriety of the sentence. Tenn. Code Ann. § 40-35-401, Sentencing Commission Comments.

Our review requires an analysis of (1) the evidence, if any, received at the trial and sentencing hearing; (2) the presentence report; (3) the principles of sentencing and the arguments of counsel relative to sentencing alternatives; (4) the nature and characteristics of the offense; (5) any mitigating or enhancing factors; (6) any statements made by the defendant in his own behalf; and (7) the defendant's potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-102, -103, -210; State v. Smith, 735 S.W.2d 859, 863 (Tenn. Crim. App. 1987).

An alternative sentence is any sentence that does not involve total confinement. See State v. Fields, 40 S.W.3d 435 (Tenn. 2001). As a standard offender convicted of a Class D felony, the defendant is presumed to be a favorable candidate for alternative sentencing. See Tenn. Code Ann. § 40-35-102(6). In addition, because the sentence imposed is eight years or less, the trial court was required to consider probation as a sentencing option. See Tenn. Code Ann. § 40-35-303(b).

The trial court's determination of whether the defendant is entitled to an alternative sentence and whether the defendant is a suitable candidate for full probation are different inquiries with different burdens of proof. State v. Boggs, 932 S.W.2d 467, 477 (Tenn. Crim. App. 1996). When, as here, the defendant is entitled to the statutory presumption favoring alternative sentencing, the state must overcome the presumption by the showing of "evidence to the contrary." Ashby, 823 S.W.2d at 169; State v. Bingham, 910 S.W.2d 448, 455 (Tenn. Crim. App. 1995), overruled in part on other grounds by State v. Hooper, 29 S.W.2d 1 (Tenn. 2000); see Tenn. Code Ann. §§ 40-35-102(6), -103 (1997). Conversely, it is the defendant who has the burden of demonstrating her suitability for total probation. Bingham, 910 S.W.2d at 455; see Tenn. Code Ann. § 40-35-303(b) (1997).

The defendant specifically asserts that the trial court erred by denying a community corrections sentence. The purpose of the Community Corrections Act of 1985 was to provide an alternative means of punishment for "selected, nonviolent felony offenders in front-end community-

based alternatives to incarceration." Tenn. Code Ann. § 40-36-103. The community corrections sentence provides a desired degree of flexibility that may be both beneficial to the defendant and serve legitimate societal aims. State v. Griffith, 787 S.W.2d 340, 342 (Tenn. 1990). Even in cases where the defendant meets the minimum requirements, the defendant is not necessarily entitled to a community corrections sentence as a matter of law or right. State v. Taylor, 744 S.W.2d 919 (Tenn. Crim. App. 1987). Tennessee Code Annotated section 40-36-106, which describes the eligibility requirements for community corrections, provides, in pertinent part, as follows:

> (1) An offender who meets all of the following minimum criteria shall be considered eligible for punishment in the community under the provisions of this chapter:
>
> (A) Persons who, without this option, would be incarcerated in a correctional institution;
>
> (B) Persons who are convicted of property-related, or drug/alcohol-related felony offenses or other felony offenses not involving crimes against the person as provided in title 39, chapter 13, parts 1-5;
>
> (C) Persons who are convicted of nonviolent felony offenses;
>
> (D) Persons who are convicted of felony offenses in which the use or possession of a weapon was not involved;
>
> (E) Persons who do not demonstrate a present or past pattern of behavior indicating violence;
>
> (F) Persons who do not demonstrate a pattern of committing violent offenses; and
>
> (2) Persons who are sentenced to incarceration or are on escape at the time of consideration will not be eligible for punishment in the community.

Tenn. Code Ann. § 40-36-106(a).

As the state points out, the defendant had been sentenced to serve a term of incarceration by the McNairy County Circuit Court only one month prior to the sentencing hearing in this case. The presentence report establishes that the defendant was convicted of theft over $500 and sentenced to serve forty months in the Department of Correction. In consequence, she was statutorily ineligible for community corrections. See Tenn. Code Ann. § 40-36-106(a)(2).

The defendant also contends that the trial court erred by denying full probation. As indicated, it is the defendant who bears the burden of establishing her suitability for full probation. The trial court denied alternative sentencing based upon the defendant's criminal record and her failure to appear at the sentencing hearing. The record establishes that the thirty-three-year-old defendant had four prior felony convictions, including the aforementioned conviction for theft over $500, which was committed while she was on bail for the offense at issue. Moreover, the record indicates that the defendant has two pending felony charges of prescription fraud in Mississippi. In consequence, it is our view that the trial court properly denied full probation based upon the defendant's criminal record.

In addition, the defendant failed to appear at the sentencing hearing. The record establishes that as of the time of the filing of the record, a capias had been issued and a warrant was pending for her arrest. This court has held that a defendant's failure to appear at the sentencing hearing may be considered by the trial court in determining the defendant's "amenability to rehabilitation" where the defendant fails to establish good cause for the absence. See State v. Kimberly Ringley, No. E2000-00355-CCA-R3-CD (Tenn. Crim. App., at Knoxville, Nov. 6, 2000). Here, the defendant has offered no reason at all for her failure to appear at the sentencing hearing.[1] Under these circumstances, the trial court did not err by denying probation based, in part, on the defendant's failure to appear.

Accordingly, the judgment of the trial court is affirmed.

_____

GARY R. WADE, PRESIDING JUDGE

---

[1] The record suggests that the defendant still had not been apprehended at the time of the filing of the notice of appeal. Her attorney wrote that she was free on bond but that it had been revoked. It appears that she was still a fugitive at the time of the filing of the record on appeal because the front of the technical record makes reference to a pending warrant for her arrest and does not state that she is in the custody of the Department of Correction. If she has absconded, she has technically waived her right to appeal. See Bradford v. State, 184 Tenn. 694, 202 S.W.2d 647 (1947); Campbell v. State, 576 S.W.2d 591, 592 (Tenn. Crim. App. 1978). Because the state has not asked for dismissal of the appeal on this basis, this court has not addressed the waiver issue.