IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs October 2, 2018

## STATE OF TENNESSEE v. MARCUS WILLIAMS

**Appeal from the Criminal Court for Shelby County**
**No. 14-02640       W. Mark Ward, Judge**

_____

### No. W2018-00498-CCA-R3-CD

_____

On March 2, 2018, the Defendant, Marcus Williams, was convicted of two counts of identity theft; two counts of theft of property over $500 but less than $1000; one count of fraudulent use of a credit/debit card over $1000 but less than $10,000; and two counts of fraudulent use of a credit/debit card over $500 but less than $1000. He was sentenced as a Range II, multiple offender to a total effective sentence of twenty-four years, to be served consecutively to a prior twenty-year sentence, for a combined total of forty-four years. On appeal, the Defendant asserts that there is insufficient evidence to sustain his convictions and that the trial court abused its discretion in denying his motion to sever the offenses. After thorough review, we dismiss this appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

ALAN E. GLENN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, P.J., and NORMA MCGEE OGLE, J., joined.

J. Shae Atkinson (on appeal), and Juni Ganguli (at trial), Memphis, Tennessee, for the appellant, Marcus Williams.

Herbert H. Slatery III, Attorney General and Reporter; Zachary T. Hinkle, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Holly Palmer and Glenda Adams, Assistant District Attorneys General, for the appellee, State of Tennessee.

## OPINION

## FACTS

On May 20, 2014, a Shelby County grand jury indicted the Defendant for two counts of identity theft; two counts of theft of property over $500 but less than $1000; one count of fraudulent use of a credit/debit card over $1000 but less than $10,000; and two counts of fraudulent use of a credit/debit card over $500 but less than $1000. At trial, the State presented evidence that the Defendant had, with the help of a co-defendant, stolen personal property and credit/debit cards from multiple restaurants and department stores. Though the Defendant moved to sever the offenses, the trial court found that the incidents were part of a common scheme or plan and denied the motion.

Following the jury trial, the Defendant was convicted of all counts as charged and sentenced as a Range II, multiple offender to 8 years each for counts 1 and 2; 11 months and 29 days each for counts 3, 4, 6, and 7; and 4 years for count 5, all to served consecutively to each other and to the Defendant's prior twenty-year sentence, for a total effective sentence of forty-four years, to be served in the Department of Correction.

On May 19, 2018, the Defendant filed a notice of appeal, arguing that there is insufficient evidence to sustain his seven convictions and that the trial court abused its discretion in denying his motion to sever the offenses.

## ANALYSIS

On August 23, 2018, three months after a notice of appeal was filed and while said appeal was pending, the State notified this court that the Defendant was mistakenly released from the Shelby County Jail, and a warrant had been issued for his arrest. This court ordered the State to provide an update on the Defendant's status on October 26, 2018. On October 31, 2018, the State relayed to this court that the Defendant remains out of custody, and the warrant for his arrest remains outstanding.

In Bradford v. State, 202 S.W.2d 647 (Tenn. 1947), our supreme court examined the issue of what should happen to a fugitive defendant's pending appeal or motion for new trial. In that case, the court determined that the "general rule" of dismissing a fugitive defendant's pending appeal should also be used in determining his motion for new trial. The court stated:

> [W]here the appellant has escaped and become a fugitive from justice . . . [the court's] order and judgment may never be enforced because the appellant, by escaping, has placed himself beyond the control of the court, and therefore has waived his right to be heard either by himself or by his counsel.

Id. at 648 (internal citations omitted).

- 2 -

The court further opined that the defendant's conduct "was in legal effect an abandonment" of his pending matters with the court. Id. at 649. Accordingly, the court found that a fugitive defendant's appeal should be peremptorily dismissed on motion. Id. at 648-49. More recently, our supreme court discussed this practice, known as the fugitive disentitlement doctrine, in Searle v. Juvenile Court for Williamson County, 188 S.W.3d 547 (Tenn. 2006). In Searle, the court thoroughly explained the fugitive disentitlement doctrine:

> The fugitive disentitlement doctrine bars an individual from calling upon the resources of the court while at the same time "thumbing his nose" at its orders. Because individuals who have fled or escaped have displayed a defiance for the judicial system, appellate courts have been reluctant to hear their appeals. "The fugitive disentitlement doctrine limits access to courts in the United States by a fugitive who has fled a criminal conviction in a court in the United States. The doctrine is long-established in the federal and state courts, trial and appellate."

Id. at 550 (internal citations omitted).

The Searle court further found that the standard for defining a "fugitive" for purposes of the fugitive disentitlement doctrine is broader and less stringent than that for other purposes, like extradition cases. Id. at 551. The Searle court specifically cited the example of Molinaro v. New Jersey, 396 U.S. 365 (1970), in which the United States Supreme Court dismissed the appeal of a defendant who had been released on bond but failed to surrender himself. The United States Supreme Court has consistently reached such a conclusion. See, e.g., Smith v. United States, 94 U.S. 97 (1876); Bonahan v. Nebraska, 125 U.S. 692 (1887).

While we are aware that the Defendant did not escape from the Shelby County Jail, but was mistakenly released, we find that he is a fugitive for purposes of the fugitive disentitlement doctrine. There is an active warrant for his arrest, but he has purposely continued to place himself "beyond the physical reach of the court." See Searle, 188 S.W.3d at 552. The Defendant was sentenced to a total effective sentence of forty-four years, and as such, is aware that his decades-early release was a mistake. We find no persuasive reason why this court should adjudicate the merits of his appeal, and we accordingly find that, by his fugitive status, he has waived his right to appeal his convictions through the resources of this court.

## CONCLUSION

Based on the foregoing authorities and reasoning, we dismiss the appeal as waived.

_____
ALAN E. GLENN, JUDGE